## HALDEMAN ET AL. *v.* UNITED STATES.

1. The entry of a judgment, "that the suit is not prosecuted, and be dismissed," is nothing more than the record of a nonsuit.
2. The words "dismissed agreed," entered as the judgment of a court, do not of themselves import an agreement to terminate the controversy, nor imply an intention to merge the cause of action in the judgment.
3. If the agreement under which the suit was dismissed settled or released the matter in controversy, that fact must be shown by the plea to render it available as a bar to a second suit in respect of the same matter.

ERROR to the Circuit Court of the United States for the District of Kentucky.

Mr. John M. Harlan for the plaintiffs in error.

Mr. Assistant Attorney-General Edwin B. Smith, contra.

MR. JUSTICE DAVIS delivered the opinion of the court.

This is an action of debt against the plaintiffs in error on a bond conditioned for the performance of official duty by Haldeman, as surveyor of the customs, and depositary of the public moneys, at Louisville, Ky. They pleaded four pleas of judgment recovered for the same cause of action, to each of which the court below sustained a demurrer. The correctness of these rulings presents the only point in the case.

It is a general rule, that a plea of former recovery, whether it be by confession, verdict, or demurrer, is a bar to any new action of the same or the like nature for the same cause. This rule conforms to the policy of the law, which requires an end to the litigation after its merits have been determined. But there must be at least one decision on a *right* between the parties before there can be said to be a termination of the controversy, and before a judgment can avail as a bar to a subsequent suit. Conceding that this action is between the same parties as well as for the same subject-matter as the former one, are the United States barred from a recovery by reason of any thing alleged in the pleas? The first, second, and fourth pleas are not essentially different. In each the judgment relied on is, " that the said suit is not prosecuted, and be dismissed." This entry is nothing more than the record of a nonsuit, although the customary technical language is not used. But the plaintiffs in error deny that this is the effect of the order, and insist that the pleas present a case of *retraxit,* by which the United States for ever lost their action, because they voluntarily announced to the court, that, on the defendants' paying the costs, the suit would be dismissed. Such an announcement does not imply that they had no cause of action, or, if they had, that they intended to renounce it, or that it was adjusted. Nonsuits are frequently taken, on payment of costs by the adverse party, in order that the controversy may be arranged out of court; but they do not preclude the institution and maintenance of subsequent suits in case of failure to settle the matters in dispute. The defendants, by consenting to pay the costs, gained delay, if nothing more. This doubtless served their purpose; but the idea of turning the mere withdrawal of a suit into an intentional abandonment of the claim or demand asserted thereby is an afterthought.

The third plea alleges that the former suit was identical with this, and was " dismissed agreed " by the judgment of the court. If this plea is true, the others cannot be; for they recite the judgment differently; and there could have been but one record of the judgment, as there was but one suit. In general, a defendant may in different pleas state as many separate and independent grounds of defence as he may be advised is material; but this rule has no application to this case. There is but one defence presented, and that required only a single plea. More than this was unnecessary, and in violation of good practice. It is quite apparent, from the language of the record in the fourth plea (the only one which purports to give it in full), that there was no such entry of judgment as stated in the third plea; and on this account it should have been rejected. But, even if it truly recites the entry of judgment, it is still bad. There must have been a right adjudicated or released in the first suit to make it a bar, and this fact must appear affirmatively. The plea does not aver that the parties had by their agreement adjusted the matter in controversy, or that there was any adjudication thereon. Whatever may be the effect given by the courts of Kentucky to a judgment entry " dismissed agreed," it is manifest that the words do not of themselves import an agreement to terminate the controversy, nor imply an intention to merge the cause of action in the judgment. Suits are often dismissed by the parties; and a general entry is made to that effect, without incorporating in the record, or even placing on file, the agreement. It may settle nothing, or it may settle the entire dispute. If the latter, there must be a proper statement to that effect to render it available as a bar. But the general entry of the dismissal of a suit by agreement is evidence of an intention, not to abandon the claim on which it is founded, but to preserve the right to bring a new suit thereon, if it becomes necessary. It is a withdrawal of a suit on terms, which may be more or less important. They may refer to costs, or they may embrace a full settlement of the contested points; but, if they are sufficient to bar the plaintiff, the plea must show it. Tried by this test, the third plea is, like the others, bad.

*Judgment affirmed.*