## UNITED STATES v. COOS BAY WAGON ROAD CO.

(Circuit Court, D. Oregon. August 25, 1901.)

### No. 2,406.

FORMER ADJUDICATION—DECREE OF DISMISSAL.

A decree dismissing a bill, entered upon a demurrer to a general replication, upon the mistaken assumption by both court and counsel that the case was governed by a decision of the supreme court, if not a nullity because of the fact that no issue could be raised by such a pleading, was not a decree upon the merits which would bar a second suit.

In Equity. Suit to cancel patents to lands.

John H. Hall, for the United States.

Watson & Beekman, for defendant.

BELLINGER, District Judge. This is a suit by the United States to cancel patents heretofore issued for lands alleged to have been erroneously patented under a grant for a wagon road from Coos Bay to Roseburg, in this state, and to recover their value where such lands have been sold by the defendant company. It is claimed that the lands in question are outside the indemnity limits of the grant, and are therefore not subject to it. A further object of the suit is to cancel a patent issued under the grant to lands occupied by a homesteader, one Samuel C. Braden, whose settlement was begun in 1869, and who has continuously since then resided on and cultivated the tract so occupied, and has in all respects complied with the homestead laws of the United States in respect thereto. That the lands alleged to be outside the limits of the grant are in fact so is shown by the maps and plats of the government surveys in evidence. It is claimed on behalf of the defendant that this question is one of fact, and that the action of the land department in patenting the lands has the conclusive effect of a judgment in respect thereto. This question was heretofore presented in this case upon demurrer to the bill of complaint, and the conclusion reached that the land department cannot enlarge the limits of a grant of lands by issuing patents thereunder for lands lying outside the boundary fixed by the act itself. 89 Fed. 151. That decision is final so far as this court is concerned.

Upon the trial the defendant offered in evidence the record of a decree dismissing the bill of complaint, heretofore entered in this court, in a suit between the same parties and relating to the same land. The hearing was upon a demurrer to a general replication. The decree was rendered upon the assumption that the facts were un-

disputed, and after a statement by counsel, in which both sides were agreed, that the case was within the rule applied in the case of U. S. v. Dalles Military Road Co., 148 U. S. 49, 13 Sup. Ct. 465, 37 L. Ed. 362, as to the conclusive effect of a determination by an officer where full jurisdiction over a subject has been vested in him by a statute of the United States. It goes without saying that there is no such thing as a demurrer to a general replication. Such a replication is a mere formal matter, and has the effect to put the case at issue, and there can be thereafter no judgment without a trial of the questions of fact so presented. The general replication was in proper form,—the form adopted in Story's Equity Pleadings; and if it had been otherwise, and liable to objection, nevertheless there could be no decree dismissing the bill on that account. I am of the opinion that the decree attempted to be pleaded is a nullity, but, if it is not a nullity, it is clearly not a decree upon the merits, and is for that reason not a bar to this suit. All the questions in the case, except that relating to the former adjudication, are fully considered in the opinion heretofore rendered on the demurrer to the bill of complaint. 89 Fed. 151. There must be a decree as prayed for, canceling the patents mentioned in the complaint, except as to such lands as have been sold by the defendant, for which the United States is entitled to recover at the rate of one dollar per acre.