## Ex parte LOUNG JUNE alias LEONG JUN.

(District Court, N. D. New York. March 14, 1908.)

1. **JUDGMENT—RES ADJUDICATA—ADJUDICATION ON MERITS—NECESSITY FOR.**

A judgment, to be res adjudicata, must be on the merits.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 1009.]

2. **ALIENS—CHINESE—RIGHT TO ENTER—BURDEN OF PROOF.**

Where the United States denied a Chinese person's right to enter, the burden was on him, to prove such right, to show that he was born in the

United States; there being no claim his alleged right rested on any other basis.

[Ed. Note.—Citizenship of the Chinese, see notes to Gee Fook Sing v. United States, 1 C. C. A. 212; Lee Sing Far v. United States, 35 C. C. A. 332.]

3. SAME—PROCEEDING FOR DEPORTATION.

Where the United States seeks to deport a Chinese person found therein, the burden is on it to show that he is not a citizen and not of the exempt class; but the burden is met by showing that he is a Chinese person and not of the exempt class, and the rebuttable presumption then arises that he was not born in the United States and is not entitled to remain.

4. SAME—EVIDENCE—ADMISSIBILITY.

Where a Chinese person, in applying to an inspector for admission to the United States, relied on a commissioner's judgment discharging him on a former charge of having been unlawfully in the United States as conclusively showing his right to be therein, if evidence of annotations on the evidence taken by the commissioner tending to show that such person was discharged because of sickness was competent at all, it should have been given in his presence and that of his counsel before the inspector, since he had the right to controvert it.

5. JUDGMENT—CONCLUSIVENESS—CHINESE IMMIGRATION—EFFECT OF COMMISSIONER'S JUDGMENT.

A United States commissioner's judgment, made in 1903, on a hearing of a charge that a Chinese person was unlawfully in the United States, that upon a full hearing upon such charge such person was discharged on consent of the assistant United States attorney (a statement in the judgment that the commissioner found and adjudged that such person was not guilty and that he had a lawful right to remain in the United States being stricken out before the judgment was signed), is not on its face an adjudication that such person was born in the United States, and was therefore a citizen thereof and entitled to enter in 1907, since, as far as it appears, the judgment may have been based on the ground that he was "then" a member of the class exempt from deportation, and since the recital that he was discharged by consent implies that he was not discharged on a determination on the merits. The judgment was equivalent to a nonsuit, or to a dismissal by consent.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 1009.]

Habeas Corpus. This is a petition by Loung June, a Chinese person, for such writ. His claim is that in 1903 he was arrested for deportation, had a hearing, gave evidence, and was thereupon discharged by the commissioner, and that such judgment of discharge is res adjudicata.

R. M. Moore, for petitioner.

Geo. B. Curtiss, H. E. Owen, Asst. U. S. Atty., and A. W. Cooley, Asst. Atty. Gen., for the United States.

RAY, District Judge. From the petition and return the following facts appear:

(1) Loung June, the petitioner, is a Chinese person, and on the 11th day of August, 1903, he applied for admission into the United States at the detention station at Malone, N. Y., where he was detained, and thereafter he was discharged from such station on a writ of habeas corpus, but not on the merits, and it was without prejudice to further proceeedings.

(2) Thereafter he was arrested and detained in the detention house on the charge that he had unlawfully entered the United States and was then unlawfully within the United States. Upon such charge he was taken before Benjamin L. Wells, at Malone, N. Y., in the district where arrested, and on the 16th day of December, 1903, the testimony of one Fay Fong was put in evidence and submitted to the said commissioner as evidence and proof of the right of said Loung June to enter and remain in the United States. Thereafter, and on the 17th day of December, 1903, the said Benjamin L. Wells, as United States commissioner, and before whom the said proceeding was pending, discharged the said Loung June from custody, and then and there made and issued to him a judgment of discharge in the words and figures following, viz.:

United States Commissioner's Court, Northern District of New York.

United States of America v. Loung June, alias Leong Jun. (116.)

Before me, Benj. L. Wells, a commissioner of the District Court of the United States within and for said district, complaint was presented by F. W. Berkshire, of N. Y., N. Y., a Chinese inspector for said district, charging in substance that on or about the 11th day of August, 1903, at Burke, N. Y., in said district, one Loung June, in violation of the Chinese exclusion acts, statutes of the United States, did unlawfully come into and was found to be not lawfully in the United States, he being a Chinese person and laborer and not a diplomat or other officer of the Chinese or any other government, and without producing the certificate required of Chinese persons seeking to enter the United States; and on the 4th day of December, 1903, said defendant was brought before me, the said commissioner, and the proceedings adjourned from time to time, and upon a full hearing upon said charge Hon. H. E. Owen, the assistant district attorney of the United States of America, being present, Hon. R. M. Moore, appearing for defendant.

~~I now hereby find and adjudge that the said defendant was not guilty of said charge, and that he had a lawful right to be and remain within the United States.~~

And I hereby order and direct that said defendant be and he is hereby discharged, on consent of Assistant U. S. Attorney H. E. Owen.

I also certify that the photograph hereto annexed is a true likeness of said defendant.

Given under my hand and seal at Malone, in the Northern district of New York, this 17th day of December, 1903.

[Seal.]                                [Signed]   Benj. L. Wells,
              United States Commissioner, Northern District of New York.
[Photograph.]

The words erased by a line, finding and adjudging that he was not guilty and that he had a right to be and remain in the United States, were erased before the judgment was signed.

(3) Thereafter, and on the 18th day of November, 1907, the said Loung June presented himself in person at the detention house at Malone, N. Y., and made application to enter the United States. He was given an opportunity by H. R. Sisson, the immigration officer in charge, to make such voluntary statements as he might desire to make relative to his right to be admitted and to produce witnesses. A full and fair hearing was offered and given. Said Loung June then and there produced and presented as evidence of such right the said judgment of discharge duly signed by said commissioner. He also produced witnesses, who were duly sworn and gave testimony as to his right to enter the United States. It was claimed that such judg-

ment was res adjudicata of his right to enter, to be and remain in. the United States, and that claim has been made at all times since, and is the main basis of the application for this writ.

(4) The said inspector denied the said Loung June admission, and he thereupon duly appealed from such holding to the Department of Commerce and Labor, where that decision was affirmed and the appeal dismissed.

(5) Said inspector holds and has held the petitioner in ·said detention house at Malone, N. Y., for convenience, it being regularly designated by the proper authorities of the United States, and for the purpose of returning him to China, whence he came, at the first opportunity, and for no other purpose. This is the unlawful imprisonment and detention complained of.

The evidence produced, aside from such judgment, the force and effect of which is to be considered later, is not sufficient to require a judgment that the petitioner has the right to enter the United States. It is not contended that it is sufficient. In behalf of the petitioner, however, it is contended that such judgment of the United States commissioner, made and signed after a full hearing, after the taking and submission of evidence in behalf of said Loung June, although on consent of the assistant United States attorney, is res adjudicata of his right to be in the United States, and consequently of his right to go and come and enter. ,

On the argument much was said to the effect that such judgment was made on consent of the United States because of sickness, and that is stated in communications sent the Department of Commerce and Labor. Whose sickness and what sickness is not stated. But there is nothing in the evidence before me, or in the return, or in the judgment itself, to show why he was discharged, or why the assistant United States attorney consented to such discharge. There is no mention of sickness in any paper, or any part of the record, except the letter referred to. It does not affirmatively appear that he was discharged for the reason the evidence established his right to be in the United States, unless the mere fact that he was discharged by the commissioner establishes that as a fact. Is that the legal presumption from the face of the judgment? This is not the case of a certificate issued by the commissioner, stating what he has done at some former time or on some prior occasion. It is a judgment the commissioner was authorized to pronounce. It was his duty to make some record of his action. The judgment itself is in evidence. Hence the decision of this court in United States v. Lew Poy Dew (D. C.) 119 Fed. 786, is not in point.

It is settled law that a judgment, to be res adjudicata, must be on the merits. Cromwell v. County of Sac, 94 U. S. 351, 352, 24 L. Ed. 195; Hughes v. United States, 4 Wall. (U. S.) 232–237, 18 L. Ed. 303; Gould v. E., etc., R. R. Co., 91 U. S. 532, 533, 534, 23 L. Ed. 416; U. S. v. C. B. W. R. Co. (C. C.) 110 Fed. 864; Russell v. Place, 94 U. S. 606, 24 L. Ed. 214; Clark v. Bernhard M. Co. (C. C.) 82 Fed. 339; Shaw v. Broadbent, 129 N. Y. 114–123, 29 N. E. 238; Ward v. Boyce, 152 N. Y. 191, 201, 46 N. E. 180, 36 L. R. A. 549;

Foye v. Patch, 132 Mass. 105–110. The rule is well stated in Hughes v. United States, 4 Wall., at page 237, 18 L. Ed. 303, where it is said:

"In order that a judgment may constitute a bar to another suit, it must be rendered in a proceeding between the same parties or their privies, and the point of controversy must be the same in both cases, and must be determined on its merits."

But what is the presumption where the judgment recites and determines, as this one does, that complaint was presented "charging in substance that on or about the 11th day of August, 1903, at Burke, N. Y., in said district, one Loung June, in violation of the Chinese exclusion acts, statutes of the United States, did unlawfully come into and was found to be not lawfully in the United States, he being a Chinese person and laborer and not," etc., "and on the 4th day of December, 1903, said defendant was brought before me, the said commissioner, and the proceedings adjourned from time to time, and upon a full hearing upon said charge, Hon. H. E. Owen, the assistant district attorney of the United States of America being present, Hon. R. M. Moore appearing for defendant, and I hereby order and direct. that said defendant be and he is hereby discharged, on consent of Assistant U. S. Attorney H. E. Owen"? In short he was discharged on consent after a full hearing on the charge made against him. On the face of the judgment it does not necessarily purport to be made on the merits; but it does purport to be made after a full hearing and on the consent of the one making and prosecuting the charge. The judgment contains no provision that defendant is discharged without prejudice. Does it show on its face that the merits were not passed upon? It would have been easy for the government to show, if such was the fact, that the judgment was not pronounced on the merits.

Stress is laid on the fact that this judgment does not contain an affirmative finding or adjudication that the defendant was not guilty of the charge laid and that he had a lawful right to be and remain in the United States. In these proceedings, under the provisions of the act, mere accusation is sufficient to warrant deportation when it appears that the defendant is a Chinese person and that he does not belong to the exempt class. When these facts appear the burden is thrown on the defendant to show his right to enter, or to remain if already here. Hence, it is claimed, the necessity for an affirmative finding that he is not guilty and is entitled to enter, or remain, as the case may be. But if evidence of a right to enter is given, and he is already in the United States, as this defendant was, and he is discharged what is the natural and the necessary inference? If the defendant has not shown his right to enter, or to remain if already here, it is the duty of the commissioner to order him deported, and hold him until deported. When this order is not made, what is the necessary inference? Every officer, especially those discharging judicial or quasi judicial functions, is presumed to do his duty. Therefore, in the absence of evidence to the contrary, it is claimed the fair and the necessary inference and presumption is that the commissioner discharged the defendant legally, in the performance of this duty, and for the reason he was satisfied the defendant had the right to be in the United States. He discharged him on the consent of the assistant United

States attorney. What does that fact imply? It is asserted that the only fair implication or conclusion is that the assistant United States attorney consented for the reason the evidence was such that a judgment of deportation was not warranted under the evidence. There is no evidence here of any other reason for the consent. It might have been given for various reasons.

What was the issue framed here? The United States found a Chinese person at its borders, seeking to enter the United States and asserting a right to enter. It was plainly incumbent on him, to prove such right, to show that he was born in the United States; there being no claim his alleged right rested on any other basis. He had the affirmative of that issue; his right being denied. If he had been found in the United States, and his deportation had been sought, the issue would have been an allegation on the part of the United States that he was not a citizen, and not of the exempt class, and therefore subject to deportation. The answer would have been that he was a citizen, born in the United States, and therefore entitled to remain. On the first issue suggested clearly an affirmative adjudication is required that he is a citizen and entitled to enter. In the second case and on the second issue mentioned the affirmative is on the United States; but it meets the burden and makes its case by showing that the person is a Chinese person and not of the exempt class. Then the presumption of fact and law is that he was not born in the United States and not entitled to remain. This is not conclusive, but may be rebutted. Evidence is offered to overcome this presumption. It is not overcome. What is the judgment demanded? That he is not a citizen, was not born in the United States, and must be deported. Again, evidence is offered to overcome the presumption, and it is overcome. What is the judgment demanded? That the defendant be discharged. There may be a finding of fact in the judgment, or there may not be, that he was born in the United States; but is such a finding necessary to the validity of the judgment discharging the defendant? Such a finding and recital of a fact would be absolutely conclusive of what was found; but is it necessary? The judgment being there, is it not conclusively presumed, in the absence of proof to the contrary, that the fact was found, that being the essential one at issue, and that the judgment was based thereon?

The judgment put in evidence and claimed to be a bar to this proceeding was upon the last or second issue suggested above; that is, he was found and arrested in the United States and his deportation sought on the ground he had illegally entered and was illegally here, as (1) he was not of the exempt class, and (2) he was not a citizen of the United States. If he belonged to the exempt class he was entitled to remain, or if he was born in the United States he was entitled to remain. What is the significance and effect of the erasure of the words "I now hereby find and adjudge that the said defendant was not guilty of said charge, and that he had a lawful right to be and remain within the United States"? Were these words stricken out for the reason they were not essential to support the judgment? Were they stricken out for the reason that the commissioner did not pass on those questions? Were they stricken out for some other reason?

The government says they were stricken out for the reason the government consented to his discharge without a determination of the case on the merits—a passing on the issue. But does this follow? Is this a logical and a reasonable conclusion? The consent is absolute and unqualified, and without reservation. Is it not the fair and logical conclusion that the assistant United States attorney consented to the discharge for the reason that he was satisfied from the evidence the defendant was born in the United States and had a right to be and remain there, or that he belonged to the exempt class? This was the issue presented and upon which evidence had been given by the defendant. So far as appears, no other questions were before the commissioner. No ground or reason for the consent and discharge appears, except that on the evidence adduced and submitted by defendant the consent of the assistant United States attorney was given and the judgment entered.

I do not see how I can go outside the record and return made by the inspector. In the letter of the inspector to the Department of Commerce and Labor transmitting the papers, on appeal thereto, he says that by reference to annotations made by the commissioner of the evidence taken before him it appears the discharge was on account of sickness. But a copy of the evidence is annexed to the return, and no such annotations appear there, and it was not proved before the inspector, in presence of defendant, that there were any such annotations. No notice was given that the judgment of discharge would be impeached or modified in any way. No attempt was made to impeach it on the hearing. Such evidence should have been given, if competent at all, in the presence of the defendant and his counsel, before the inspector and on the hearings. The defendant had the right to controvert it, if offered. In short, there was no competent evidence or proof before the inspector, or the Department of Commerce and Labor, that the judgment of discharge was pronounced on account of sickness.

I think the case is reduced to this: A Chinese person is arrested in the United States on the charge that he is unlawfully therein, he not belonging to the exempt classes, for the purpose of deportation. He is taken before a United States commissioner having jurisdiction of the case, and he thereupon gives evidence tending to show that he was born in the United States, is a citizen thereof, and entitled to be and remain there. At this point the attorney for the United States consents that he be discharged, and he is discharged, and a judgment is entered by the commissioner, reciting the facts and adjudging that he be discharged on consent of the prosecutor, or United States. Is this judgment res adjudicata of the right of such person to be and remain in the United States? Can he be thereafter denied admission into the United States, he having temporarily departed therefrom, on the ground he is not a citizen? Of course he can be denied admission if he is not a citizen, or one of the exempt class; and hence the former adjudication, to be an adjudication of his right to enter, or of facts which entitle him to enter, must have been in legal effect that he is a citizen.

160 F.—17

But he was not illegally in the United States if he belonged to the exempt class. If of that exempt class at that time, he had the right to be and remain here. The consent to his discharge may have been given, and the judgment for his discharge may have been made and entered, on the ground that the defendant, Loung June, was a member of the exempt class. There is nothing in the record or return to show this was not the fact. In short, he may have been discharged on either of two grounds: (1) That he, although a Chinese person, was a member of the exempt class, and therefore entitled to be and remain in the United States at that time; and (2) that he was born in the United States and was a citizen thereof, and hence entitled to remain. If the judgment of discharge was based on the first ground, it is not an adjudication of his citizenship. Is it presumed to have been based on both grounds? If not, is it for the United States to show it was based on a ground which will deprive it of its force as res adjudicata here? Or is it incumbent on the party setting up the former adjudication to show that the point he must rely upon here was in fact adjudicated in his favor in that proceeding? If he was of the exempt class in 1903, he was not illegally in the United States, and could not have been lawfully deported. The points at issue in the two cases are not identical.

I am of the opinion that the judgment of the commissioner, relied upon, and quoted in full, is not on its face an adjudication that the defendant, Loung June, was born in the United States, and is therefore a citizen thereof, and now entitled to enter. Under the New York practice and Code of Civil Procedure 'a judgment of dismissal, to constitute a bar, or res adjudicata of the questions involved, must state on its face that it was rendered on the merits. Genet v. P. M. & C., etc., 170 N. Y. 278, 63 N. E. 350. In 23 Cyc. 1230, where many authorities are collected and cited, it is said:

"Judgment of Nonsuit or Dismissal.—A judgment of nonsuit is no bar to a second action upon the same claim or demand, neither is it conclusive upon the parties as to the issues which were or might have been involved in the action; and the same is true of a dismissal of the action, when brought about by the voluntary action of the party or ordered by the court on some preliminary or technical matter without a trial or hearing. except that it is conclusive as to the particular ground on which the dismissal was ordered. But a judgment dismissing a suit on the merits—that is, on a judicial consideration and determination of the ultimate facts in controversy, as distinguished from mere preliminary or technical issues—is conclusive to the same extent as if rendered on a verdict."

In Haldeman et al. v. United States, 91 U. S. 584, 23 L. Ed. 433, the court held:

"The words 'dismissed agreed,' entered as the judgment of a court, do not of themselves import an agreement to terminate the controversy, nor imply an intention to merge the cause of action in the judgment."

The court said:

"Suits are often dismissed by the parties, and a general entry is made to that effect, without incorporating in the record, or even placing on file, the agreement. It may settle nothing, or it may settle the entire dispute. If the latter, there must be a proper statement to that effect to render it available as a bar. But the general entry of the dismissal of a suit by agree-

ment is evidence of an intention, not to abandon the claim on which it is founded, but to preserve the right to bring a new suit thereon, if it becomes necessary. It is a withdrawal of a suit on terms, which may be more or less important."

Here the words, "be and he is hereby discharged on consent of Assistant U. S. Attorney H. E. Owen," import something quite different from a determination by the court against him on the merits. These words are equivalent to submitting voluntarily to a nonsuit. In Durant v. Essex Company, 7 Wall. 107, 109, 19 L. Ed. 154, it is held that in an equity case:

"Where words of qualification, such as 'without prejudice,' or other terms indicating a right or privilege to take further legal proceedings on the subject, do not accompany the decree, it is presumed to be rendered on the merits."

There the judgment was, "Dismissed." But a bill "dismissed" on motion of complainant is not a bar to a subsequent bill for same cause. Walden v. Bodley, 14 Peters (U. S.) 156, 10 L. Ed. 398. So submission to a nonsuit is not a bar to a second suit for same cause. Bucher v. C. R. Co., 125 U. S. 555, 8 Sup. Ct. 974, 31 L. Ed. 795; U. S. v. Parker, 120 U. S. 89, 95, 7 Sup. Ct. 454, 30 L. Ed. 601; Gardner v. Michigan C. R. Co., 150 U. S. 349, 14 Sup. Ct. 140, 37 L. Ed. 1107; Homer v. Brown, 16 How. 354, 14 L. Ed. 970. Dismissal for want of parties is not res adjudicata. St. Romes v. Levee S. C. P. Co., 127 U. S. 614, 8 Sup. Ct. 1335, 32 L. Ed. 289. Dismissal for want of jurisdiction is not res adjudicata. Smith v. McNeal, 109 U. S. 426, 3 Sup. Ct. 319, 27 L. Ed. 986. A judgment of nonsuit involuntary, is not res adjudicata. Manhattan Life Ins. Co. v. Broughton, 109 U. S. 121, 3 Sup. Ct. 99, 27 L. Ed. 878. In this last case the court says:

"A trial upon which nothing was determined cannot support a plea of res adjudicata, or have any weight as evidence at another trial."

Decrees by consent are not binding on the court. Texas & P. R. Co. v. Southern, etc., R. Co., 137 U. S. 48, 56, 11 Sup. Ct. 10, 34 L. Ed. 614; Lawrence Mfg. Co. v. Janesville Cotton Mills, 138 U. S. 552, 562, 11 Sup. Ct. 402, 34 L. Ed. 1005. Said the court (page 562 of 138 U. S., page 405 of 11 Sup. Ct. [34 L. Ed. 614]):

"The prior decree was the consequence of the consent, and not of the judgment of the court; and, this being so, the court had the right to decline to treat it as res adjudicata."

In Ryan v. Seaboard, etc., R. R. Co. (C. C.) 89 Fed. 397, 403, held:

"A judgment of dismissal because of the failure of the plaintiff to observe a rule of court does not render the matters involved in the suit res adjudicata."

So a dismissal by the agreement of the parties does not make the judgment res adjudicata. Rincon, etc., v. Anaheim, etc. (C. C.) 115 Fed. 543, 549.

In the case now before this court it affirmatively appears that the defendant was discharged by consent of the United States, and this plainly implies that he was not discharged by the decision or determination of the court on the merits. It is equivalent to submitting to

a nonsuit, or to a dismissal by consent. In United States v. Parker, supra, the court said:

"A judgment of nonsuit, whether rendered because of the failure of the plaintiff to appear and prosecute his action, or because upon the trial he fails to prove the particulars necessary to make good his action, or when rendered by consent upon an agreed statement of facts, is not conclusive as an estoppel, because it does not determine the rights of the parties. Homer v. Brown, 16 How. 354, 14 L. Ed. 970; Manhattan Life Ins. Co. v. Broughton, 109 U. S. 121, 3 Sup. Ct. 99, 27 L. Ed. 878; Haldeman v. United States, 91 U. S. 584, 23 L. Ed. 433."

In Cromwell v. County of Sac, 94 U. S. 351, at page 353 (24 L. Ed. ·195), the court said:

"But, where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered. In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action, not what might have been thus litigated and determined. Only upon such matters is the judgment conclusive in another action."

For these reasons I must hold that the judgment of the commissioner is not res adjudicata and does not establish the right of the defendant to enter the United States.