## GARDNER v. UNITED STATES.*

No. 7189.

Circuit Court of Appeals, Ninth Circuit.

May 31, 1934.

*Rehearing denied Aug. 31, 1934.

Marshall B. Woodworth, of San Francisco, Cal., for appellant.

H. H. McPike, U. S. Atty., and Robert L. McWilliams, Asst. U. S. Atty., both of San Francisco, Cal. (Arthur J. Phelan, U. S. Immigration and Naturalization Service, of San Francisco, Cal., on the brief), for appellee.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

WILBUR, Circuit Judge.

This, is an action for claim and delivery brought by the government to recover certain papers and documents in the possession of John E. Gardner, the appellant, who was formerly connected with the Immigration Service.

A jury was waived in the trial court which rendered judgment for the government. The trial court filed its findings of fact in which it expressly found that the property belonged to the United States. Much of the brief of the appellant is taken up by the discussion of whether or not the property in question constituted public records belonging to the United States. As pointed out by the appellee the question is not whether or not the papers were public records, but whether or not the papers belonged to the United States. The question, however, is not properly before us. The appellant made no motion for judgment at the conclusion of the trial and in no way raised the question of the sufficiency of the evidence to sustain the findings and judgment. Maryland Casualty Co. v. Jones (C. C. A.) 35 F.(2d) 791, 792.

The appellant set up as a defense of res judicata the fact that case No. 17,614 in the District Court of the United States, for the same cause of action between the same parties, had been dismissed under rule 38 of that court for failure to prosecute the case with diligence. It is clear that a dismissal of that case for lack of prosecution is not a bar to this action. Haldeman v. U. S., 91 U. S. 584, 23 L. Ed. 433; Pueblo de Taos v. Archuleta (C. C. A.) 64 F.(2d) 807, 812.

Appellant's fourth specification of error is as follows: "That the lower court erred in holding and in deeming itself bound by a previous decision of United States District Judge Van Fleet rendered in the case of United States v. John E. Gardner et al. No. 438 in equity on the docket of the lower court, which decision was reversed by this Honorable Court in No. 4760 as reported in 13 F.(2d) 851 and in not permitting appellant to introduce the testimony and evidence upon which the United States District Judge Van Fleet rendered his decision and judgment as the same is contained in transcript of record No. 4760 of this Honorable Court on the previous appeal in the equity suit."

Appellant is in error in his contention that the trial court deemed itself bound by the decision of Judge Van Fleet. This contention is based upon the form of the order for judgment entered by the trial court in which it is ordered that plaintiff have judgment "for the possession of such property as is referred to in the decree of United States District Judge Van Fleet in the equity case in this court, No. 438, with the exception of such property as is therein referred to by inventories Nos. 1 to 92." As we understand the record, this was merely a convenient way of indicating to the parties the particular documents which the court found belonged to the government. Each of these documents was more definitely described by number in the findings of fact, in the conclusions of law, and in the judgment thereafter drawn. There is no merit in this point.

Appellant calls attention to the denial of its motion to reopen the case for the introduction of further testimony which was contained in the transcript of the record on appeal in case No. 4716 in the files of this court. This motion was denied. Its denial cannot be reviewed in this court, being a matter within the discretion of the trial court.

Appellant's third specification of error concerns the admission of certain testimony alleged to have been irrelevant, immaterial, and incompetent. Without quoting the evidence received, we may say that we have examined it and find that there is nothing in the evidence received or the circumstances of its receipt, or in the conclusion of the court, to indicate that the evidence objected to affected the result. The case was tried by the

court without a jury in accordance with the stipulation of the parties and error cannot be predicated upon the introduction of such evidence under these circumstances. Field v. U. S., 9 Pet. 182, 9 L. Ed. 94; Sinclair v. U. S., 279 U. S. 749, 767, 49 S. Ct. 471, 73 L. Ed. 938, 63 A. L. R. 1258; U. S. v. King, 7 How. 833, 12 L. Ed. 934; Tremont v. U. S. (C. C. A.) 65 F.(2d) 949. None of the errors complained of require a reversal of the case. The appellee objected to the consideration of an amended assignment of errors which was filed in the trial court after the appeal was taken. In view of appellee's objection to the consideration of the amended assignment which was well founded [Raftery v. Bligh (C. C. A.) 55 F.(2d) 189, 195; Kreuzer v. U. S. (C. C. A.) 254 F. 34, 38], the appellant has asked permission of this court to file and have considered the amended assignment of errors. Whether or not in view of the delay in filing such assignment of errors, or making application to this court, the request should properly be granted, we do not determine, as in any event there is no merit in the assignment.

Affirmed.