**MILLER v. STANDARD OIL CO.**

No. 51 C 1553.

United States District Court,
N. D. Illinois, E. D.

Jan. 22, 1952.

S. Eldridge Sampliner, Cleveland, Ohio, Robert F. Doyle, Chicago, Ill., for plaintiff.

Seago, Pipin, Bradley & Vetter, Chicago, Ill., for defendant.

PERRY, District Judge.

On October 4, 1951, the libelant filed this action, alleging that he slipped and fell in the fantail compartment of the respondent's steamer Robert W. Stewart on December 21, 1944, while the vessel was docked upon the waters of Lake Michigan at the port of East Chicago, Indiana. He further alleges that he was discharging specific duties as a seaman when the incident occurred. Injuries are also alleged. The libelant seeks the sum of $12,000 for maintenance and cure.

On December 30, 1947, the libelant filed a civil action against this respondent in the United States District Court for the Northern District of Illinois. The complaint alleged two causes of action. The first was a negligence action pursuant to the provisions of the Jones Act 46 U.S.C.A. § 688; the second was a civil action for maintenance and cure. On May 21, 1948, the defendant's defense of the statute of limitations as to the claim for negligence pursuant to the Jones Act was sustained; it was dismissed with prejudice.

On June 17, 1948, this libelant was granted leave to transfer the remaining claim of the civil action for maintenance and cure to the admiralty side. Accordingly the libelant filed his amended complaint setting up a cause of action in admiralty for maintenance and cure—a claim which is identical with the instant claim. The earlier case bore the number 47 C 1889. On September 22, 1949, on motion of the defendant, Judge LaBuy dismissed the earlier action for want of prosecution. Written notice of this order was sent to libelant's counsel on September 22, 1949.

The respondent has filed "Exception to the Libel" wherein he alleges:

1. That dismissal of the identical action (47 C 1889) on September 22, 1949, constituted an adjudication on the merits and therefore the claim in the instant libel is res adjudicata.

2. That this action is barred by the statute of limitations and laches.

I. *The defense of res judicata.* The respondent, in advancing this defense, relies upon Rule 41 (b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. which provides in substance that a defendant in a civil action may move for dismissal when the plaintiff fails to prosecute, and. that, "unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication upon the merits." The respondent contends that the order of the District Court dismissing .the prior action for want of prosecution constituted an adjudication on the merits because that order did not specify that the dismissal was "without prejudice."

■■ The libelant's claim for maintenance and cure in that action, however, was joined with a claim for personal injuries pursuant to the provisions of the Jones Act 46 U.S.C.A. § 688. After the libelant's claim under the Jones Act had been dismissed, there remained a claim for maintenance and cure, subject to the jurisdiction of admiralty. On June 17, 1948, the complaint was amended and the cause was ordered transferred to the admiralty side. On September 22, 1949, when the order of dismissal for want of prosecution was entered, that claim was then a suit in admiralty and not a civil action. The Federal Rules of Civil Procedure do not apply to suits in admiralty. · Rule 81 (a); Mercado v. United States, 2 Cir., 184 F.2d 24.

The rule which was applied in the order of dismissal for want of prosecution of the claim for maintenance and cure in case "47 C 1889" is rule 38 of the Rules of Practice in Admiralty and Maritime Cases, 28 U.S.C.A. which provides as follows:

"Dismissal for failure to prosecute. If, in any admiralty suit, the libellant shall not appear and prosecute his.suit, and comply with the orders of the court, he shall be deemed in default and contumacy; and the court may, on the application of the respondent or claimant, pronounce the suit to be deserted, and the same may be dismissed with costs."

For the purpose of consideration of the respondent's defense of res judicata, one must examine the effect of a dismissal under this rule. Will such a dismissal constitute an adjudication upon the merits and consequently bar any subsequent action on the same claim?

■■ At the common law, a judgment of "non prosequitur" was not an adjudication upon the merits, and consequently did not operate as a bar to a subsequent action on the same claim, Homer v. Brown, 16 How. 354, 57 U.S. 354, 14 L.Ed. 970. A prior judgment must be rendered upon the · merits, otherwise it cannot support a plea of res judicata. Hughes v. United States, 4 Wall. 232, 71 U.S. 232 18 L.Ed. 303; Manhattan Life Insurance Co. v. Broughton, 109 U.S. 121, 3 S.Ct. 99, 27 L.Ed 878.

Prior to the adoption of the Federal Rules of Civil Procedure, the Federal Courts have uniformly held that the dismissal of an action for want of prosecution is not a bar to a subsequent action because there has been no adjudication upon the merits. Haldeman v. U. S., 91 U.S. 584, 23 L.Ed. 433; Gilbert, Sheriff, v. American Surety Co., 7 Cir., 121 F. 499, 61 L.R.A. 253; Gardner v. U. S., 9 Cir., 71 F.2d 63, certiorari denied 293 U.S. 619, 55 S.Ct. 213, 79 L.Ed. 707; Krause v. Mississippi Coal Corp., 7 Cir., 93 F.2d 515. Even the addition of the words "with prejudice" in the order of dismissal could not change the effect of the order because the fact still remained that an order of dismissal for want of prosecution was not a decision upon the merits. Pueblo de Taos v. Archuleta, 10 Cir., 64 F.2d. 807.

■■ Any attempt to construe an order of dismissal for want of prosecution, entered in accordance with a procedural rule or statute, as an adjudication on the merits and consequently, a bar to a subsequent action, derogates from the common law. In the determination of the validity of such a construction, one must look to the applicable rule or statute for support; and, since such a construction is in derogation of the common law, the rule or statute will be construed strictly and literally.

An examination of Rule 41 (b) of the Federal Rules of Civil Procedure reflects

that a dismissal for want of prosecution is an adjudication upon the merits unless otherwise specified by the Court. The intent of the drafters of this rule to bestow upon such an order of dismissal a much greater effect than it enjoyed at common law or in the Federal courts prior to the adoption of the rules is evidenced by a simple, unambiguous statement, setting out this special provision.

■ A similar examination of Rule 38 of the Rules of Practice in Admiralty and Maritime Cases fails to disclose any such provisions. A dismissal for want of prosecution in accordance with Rule 38 places the libelant in default with respect to the dismissed suit; nothing is said as to the effect of such dismissal upon a subsequent action. In view of the absence of any special provision to this effect in Rule 38—namely such a provision as is found in Rule 41(b) of the Rules of Civil Procedure—it is reasonable to infer that the drafters of Rule 38 of the Admiralty Rules did not intend that the effect of an order of dismissal under its provisions should in any way differ from the effect of a similar order under the common law. Consequently it is the view of this Court that the effect of an order of dismissal for want of prosecution under Rule 38 must be judged in the light of the decisions at common law and in the Federal Courts prior to the adoption of the Federal Rules of Civil Procedure. As stated previously, it was repeatedly held under those decisions that an order of dismissal for want of prosecution did not constitute a bar to a subsequent action because there had been no adjudication upon the merits. Accordingly, the dismissal of the libelant's prior suit in admiralty for want of prosecution does not bar this action. The respondent's defense of res judicata is overruled.

■■ *2. Defense of statute of limitations and laches.* In support of this defense the respondent adopts the position that the statute of limitations should be applied. In Illinois, an action for personal injuries must be commenced within two years and an action on an implied contract must be commenced within five years. Illinois Revised Statutes, Ch. 83, Secs. 15 and 16. Consequently, the respondent contends that this action is barred because it was not commenced until almost seven years later.

■ The obligation of an employer under maritime law to provide "maintenance and cure" is a contractual one. Pacific S. S. Co. v. Peterson, 278 U.S. 130, 49 S.Ct. 75, 76, 73 L.Ed. 220; Cortes v. Baltimore Insular Line, 287 U.S. 367, 53 S.Ct. 173, 77 L.Ed. 368; Marshall v. International Mercantile Marine Co., 2 Cir., 39 F.2d 551. If, in the determination of the timeliness of the action, the statute of limitations were to be applied by way of analogy, the period of limitations for actions on implied contract would be applicable. Loverich v. Warner Co., 3 Cir., 118 F.2d 690; certiorari denied, 313 U.S. 577, 61 S.Ct. 1104, 85 L.Ed. 1535; Marshall v. International Mercantile Marine Co., supra.

■ The analogy to the statute of limitations, however, is only an analogy and not a rule. Pan-American Trading Co. v. Franquiz, 5 Cir., 82 F.2d 500; Loverich v. Warner Co., supra. "Laches consists of two elements, inexcusable delay in instituting suit and prejudice resulting to the defendant from such delay. Its existence depends upon the equities of the case, and not merely upon the lapse of time." United States v. Alex Dussel Iron Works, Inc., 5 Cir., 31 F.2d 535, 536. The principle of balancing the equities in deciding the existence of laches was recited with approval by the Supreme Court of the United States in the recent case of Gardner v. Panama Railroad Co., 342 U.S. 29, 72 S.Ct. 12.

As previously stated, an action for maintenance and cure is contractual and arises, by implication of law, from the contractual relationship between the seaman and his employers. This type of action is not dependent upon the negligence of the employer. Aguilar v. Standard Oil Co. of New Jersey, 318 U.S. 724, 63 S.Ct. 930, 87 L.Ed. 1107; Calmar S. S. Corporation v. Taylor, 3 Cir., 92 F.2d 84; Loverich v. Warner Co., supra; Mullen v. Fitz Simons & Connell Dredge & Dock Co., 7 Cir., 191 F.2d 82; Reabe v. Carnegie-Illinois Steel Corp., D.C., 100 F.Supp. 728.

The traditional policy of Federal courts to promote the best interests of seaman, not only for the sake of seamen themselves but also in the interests of national commerce and unity—a policy which is clearly defined by Justice Storey in Harden v. Gordon, Fed.Cas. No. 6,047, 2 Mason 541—prompts one to favor the principle of balancing the equities in the consideration of the possible existence of laches. When one applies this principle to a case where the respondent has shown no detriment due to the delay, which is true in the instant case, the basic distinction between the contractual action for maintenance and cure and the negligence action for injuries, either to the seaman or property, and particularly the difference in the respective pleadings and methods of proof, prove to be invaluable aids to the Court in the determination of the question as to whether or not the respondent has been prejudiced by the delay. In the case of Loverich v. Warner Co., supra, the Court had before it an action for maintenance and cure, to which the respondent had interposed the defense of laches. In overruling this defense, the Court emphasized the distinction between the maintenance and cure action and an action for negligence, wherein the respondent might be prejudiced through the death or disappearance of its witnesses during the lapsed period. In its analysis the court said [118 F.2d 693], "Nor do we see any prejudice which has resulted to the respondent from the delay. If it were necessary to go back to questions involving existence of negligence and the like in 1926 and witnesses had died or disappeared the problem might be different. But with a claim for indemnity out of the case this problem does not arise. Medical records are as available now as earlier. We do not believe that the doctrine of laches has any application to this case."

The analysis of the Loverich case is applicable to the instant case for maintenance and cure. In the absence of any showing of prejudice or detriment to the respondent by the delay, this court adopts the view of the Loverich case that there was no prejudice in this action for maintenance and cure. One must remember also that the respondent had notice of this claim prior to the instant suit by virtue of the earlier action, which had been dismissed for want of prosecution.

In support of his position, the respondent cites Westfall Larson & Co. v. Allman Hubble Tug Boat Co., 9 Cir., 73 F.2d 200; The Sydfold, D.C., 12 F.Supp. 276, The Vema, D.C., 27 F.Supp. 679. All three cases involved actions for negligence rather than maintenance and cure. Consequently they cannot be adapted to the rationale of the Loverich case. The respondent also places great reliance in the case of Marshall v. International Mercantile Co., supra, which involved a suit for personal injuries and for maintenance and cure. It should be noted, however, that only the count seeking indemnity for personal injuries was dismissed because of laches. The count which set out the claim for maintenance and cure, was dismissed because she, having previously declined an offer of hospital treatment, could not maintain the suit. The question of laches was not determined.

Accordingly, the respondent's defense of statute of limitations and laches is overruled.

In view of the foregoing reasons, the respondent's exception should be overruled and he should be required to answer pursuant to the order of the Court. Such order will be entered on Tuesday, January 22, 1952, at 10 o'clock, a. m.