**Ross M. MADDEN, Regional Director for the Thirteenth Region of the National Labor Relations Board, for and on behalf of the National Labor Relations Board, Petitioner,**

v.

**Honorable J. Sam PERRY, Judge, United States District Court for the Northern District of Illinois, Eastern Division, Respondent.**

**No. 12506.**

United States Court of Appeals
Seventh Circuit.

Feb. 27, 1959.

Rehearing Denied April 6, 1959.

---

Herbert L. Borovsky, National Labor Relations Board, Chicago, Ill., Norton J. Come, Attorney, National Labor Relations Board, Washington, D. C., for petitioner.

Mozart G. Ratner, Chicago, Ill., for respondent.

Before SCHNACKENBERG, HASTINGS and PARKINSON, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Ross M. Madden, Regional Director for the Thirteenth Region of the National Labor Relations Board, by his petition filed November 26, 1958, asks us to issue a writ of mandamus directing Judge J. Sam Perry [1] of the United States District Court for the Northern District of Illinois, Eastern Division, to vacate supplemental findings of fact and conclusions of law entered on October 7, 1958, in case 58–C–1512 of that court. Judge Perry has filed an answer.

All of the relevant facts, which we now state, are undisputed.

On August 15, 1958, the Regional Director filed a petition in the district court alleging that International Organization of Masters, Mates and Pilots, Inc., AFL-CIO, Local 28 and Local 3 of the above International (some times referred to as the Locals), and Harry Rutan, their agent, were engaging in activities in violation of section 8(b) (4) (A) of the National Labor Relations Act [2] (herein called the Act), and praying that an injunction be issued under section 10(l) of the Act, [3] enjoining said respondents from continuing such activities pending final disposition by the Board of the unfair labor practice charges filed with it.

Respondents controverted the material allegations of the petition, alleging *inter alia* that Local 28 is not a "labor organization" within the meaning of the Act; the International had no part in the picketing complained of; at no material time did any of the respondent unions act "in concert" or as "agents for each other" in respect to the matters involved; prior to the filing of the petition Local 3 had abandoned its dispute and terminated its picketing; and the inducement complained of was not, as alleged, violative of section 8(b) (4) (A). Respondents also denied that the Regional Director had, as he alleged, conducted an "investigation," and on this ground they moved that the petition be dismissed.

The Regional Director, when under subpoena and called adversely by respondents, at the direction of his superiors refused to produce his files or testify concerning his alleged investigation of the defenses raised by respondents, although ordered by the court to do so.

On August 26, 1958, on motion of respondents, Judge Perry dismissed the petition for injunction on the ground that the Regional Director's refusal to testify as to whether he had conducted the preliminary investigation required by section 10(l), of the Act, and to produce evidence required by subpoena, deprived "respondents of opportunity to establish a relevant defense, by due process of law".

Judge Perry did not then rule upon a motion of Local 28 to dismiss the petition, on the ground that it had not been established that it was a labor organization within the meaning of the Act, and no determination was made as to any of the other merits of the petition, except as to International. [4]

---

1. The respondent judge will be herein referred to as "Judge Perry".

2. 29 U.S.C.A. § 158(b) (4) (A).

3. Ibid. § 160(l).

4. The court also dismissed the case as to

International on the further ground that it was not shown to have been involved in any of the events in issue. This ground of dismissal is not involved in the proceeding now before this court.

On August 27, 1958, the Regional Director appealed to this court from the dismissal of the petition as to the Locals and Rutan. But, before the case was heard here, the Regional Director requested that the appeal be dismissed.[5] This court on October 2, 1958, granted the motion "because [the] court finds the Board failed to comply with its own procedures," and dismissed the appeal "with prejudice". Case No. 12428, Madden v. International Organization, etc., 7 Cir., 259 F.2d 297, 300.

On October 3, 1958, the Locals filed with Judge Perry an "Emergency Motion for Supplemental Findings of Fact and Conclusions of Law." These findings and conclusions pertained to and purported to decide the merits of the petition upon which issues had been raised by the respondents' motions and answers. The Locals' motion argued:

"To make it perfectly clear that petitioner may not relitigate the controversy which petitioner has already litigated in this case, it is equitable and proper that this Court enter additional findings of fact and conclusions of law in support of its order of dismissal. These findings and conclusions are specified in the defenses stated by respondents in their motions to dismiss and answers filed herein at the opening of the hearing and were fully established in the course of proof of petitioner's case."

The Regional Director opposed that motion on the ground that the district court was without authority to enlarge the scope of its findings and conclusions after dismissal of the proceeding on a procedural ground,[6] when no further appeal could be taken to review the validity of such proposed findings.

However, on October 7, 1958, Judge Perry granted the Locals' motion and entered said supplemental findings and conclusions, which, in effect, purport to determine (1) that respondent Local 28 is not a labor organization within the meaning of the Act, (2) that the picketing by Local 28 was carried on in support of its own dispute with the primary employer, and not on behalf of Local 3 (which concededly is a "labor organization"), (3) that there is no reasonable cause to believe that respondent Local 3 will resume picketing, and (4) that all of the picketing in this case was in any event primary activity which is not proscribed by the Act.

---

5. The reasons for this request, as then stated were:

"Following the appeal in this case * * * it has come to the attention of the General Counsel of the National Labor Relations Board, whose responsibility it is to conduct the litigation in proceedings of this kind, that the procedures prescribed for investigation of charges in Section 10(l) cases, as provided in the Board's published Statements of Procedure, were not in fact followed in this case in two respects. Thus, it was discovered that appellee Local 28 had not been requested 'to submit a written statement of [its] position,' before the petition was filed, nor had representatives of Local 28 been interviewed, both of which steps are provided for by Section 101.4 of the Board's Statements of Procedure.

"In view of the foregoing facts which have now come to light, it is believed that the interests of a fair and proper administration of the Act will best be served by a dismissal of the appeal here-

in. Such a dismissal, in the opinion of the Government would not necessarily preclude the institution of a fresh Section 10(l) proceeding if new charges are filed alleging that the Unions have resumed picketing which is proscribed by Section 8(b) (4) of the Act."

6. "Mr. Beeson (counsel for the Regional Director): We regard, your Honor, the decisions of the Seventh Circuit Court of Appeals as having laid this case to rest permanently. There is a procedural defect in it, and that means that that point can no longer be litigated and it remains then for a new cause of action to develop and a fresh proceeding which will be free of this procedural defect.

"The Court: A complete new cause of action. * * * That's the way I look at it. I think they mean to dispose of this case for all purposes. That is the way it looks to me. It seems to me that is what they meant to do. It seems to me that there should be no question of res judicata. * * *"

On November 4, 1958, a new unfair labor practice charge was filed with the Regional Director, alleging *inter alia* that Locals 3 and 28 had resumed picketing activities following the dismissal order of August 26, 1958, and that such activities, like those alleged in the first case, were violative of section 8(b) (4) (A) of the Act.

The Regional Director represents to this court that unless we direct Judge Perry to vacate the supplemental findings aforesaid, such findings will be advanced as a bar to instituting a section 10(l) proceeding in any future case in which charges may be filed with the Regional Director alleging that Locals 28 and 3 have resumed unlawful picketing activities. He argues:

"Indeed, the declared purpose of these unions in requesting such findings was to preclude future Section 10(l) proceedings. Although petitioner believes that the supplemental findings should not have their intended effect, in view of the District Court's lack of authority to enter them, it cannot be certain that the courts in future 10(l) proceedings will not nevertheless regard them as conclusive. This danger is augmented by the reluctance of the law to permit collateral attacks on earlier proceedings, even though error therein be shown. * * * More specifically, there is an immediate danger that the supplemental findings and conclusions will be invoked to bar the Regional Director from maintaining a Section 10(l) proceeding with respect to the new charges filed with him, as described in paragraph 10, above, alleging that Locals 28 and 3 have resumed unlawful picketing activity."

The answer of Judge Perry to the petition for writ of mandamus now before us, sets forth, *inter alia*, that on December 11, 1958, the Board filed in the United States District Court for the Eastern District of Missouri, Eastern Division, a petition under section 10(l) for injunctive relief against Local 28 and its agents, and that it thereby sought the same relief as the Regional Director's petition before Judge Perry, that said petition was based on three charges against respondents herein, involving alleged illegal picketing by respondents on November 4 and 18, 1958, the charges having been filed originally in the Chicago office of the Board, and thereafter transferred to the St. Louis office.

The answer further sets forth these facts: On December 17, 1958, in response to an order to show cause issued in that action, respondents therein filed a motion to dismiss the petition, to which was attached a copy of the petition, the initial order of the district court, the opinion of this Court in No. 12428, and the supplemental findings of fact and conclusions of law in case No. 58–C–1512. During oral argument on the motion on December 18, 1958, Judge Harper stated, *inter alia*, that in his view, the cases were based upon the same cause of action and that, on *res judicata* principles, the second petition was barred by the original order of the district court dismissing the first petition. He stated that he thought it unnecessary to consider the supplemental findings and conclusions in case 58–C–1512, for they would come into play only if pleaded as collateral estoppel on a different cause of action. On January 8, 1959 Judge Harper dismissed the petition on the ground that Judge Perry's dismissal of the petition in his court was based on the failure to comply with the *subpoena duces tecum* issued in that action and that, under rule 41(b) of the Federal Rules of Civil Procedure,[7] "dismissal of an action for failure to comply with an order of the court operates as an adjudication upon the merits unless the order for dismissal otherwise specifies."

■ 1. So far as it affected the Locals, Judge Perry's order of August 26, 1958 was a final order when he entered it. It remained a final order when we dismissed the Regional Director's appeal

7. 28 U.S.C.A. rule 41(b).

therefrom. The order was expressly based on the reasons recited therein. In substance, Judge Perry held that for the reasons stated the Regional Director *had no right to maintain* the action. Inasmuch as Judge Perry dismissed the case on these grounds, he had no occasion to rule on the merits of the cause of action, and he did not then do so. If we had reversed his order, he would have been required to pass on the merits in due course. But we dismissed the appeal without reversing and this left no case pending before Judge Perry and hence his entries of findings and conclusions thereafter were not germane to any action in his court. Their entry was error.

It is not apparent how Stewart v. Oneal, 6 Cir., 237 F. 897, cited by Judge Perry's counsel in his memorandum filed in this court, is applicable here. The same is true of Wilson v. Aderhold, 5 Cir., 89 F.2d 903, which recognizes that where an appeal from a conviction in the district court has been dismissed by a court of appeals, the district court has authority to *enforce* its judgment. This is elementary but has no bearing upon the case at bar because we are not here concerned with any effort by the district court to enforce its judgment. Its judgment was merely the dismissal of a petition filed by the Regional Director.

There is nothing in rules 41(b), 52(b) and 60(b) of the Federal Rules of Civil Procedure,[8] all cited by Judge Perry, which is inconsistent with our holding.

So far as relevant herein, rule 41(b) provides:

"(b) Involuntary Dismissal: Effect Thereof. For failure of the plaintiff * * * to comply with * * * any order of court, a defendant may move for dismissal of an action * * * against him. * * * *Unless the court in its order for dismissal otherwise specifies*, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication upon the merits." (Italics supplied for emphasis.)

Counsel for Judge Perry argues in this court—

"The judgment of the district court, *although resulting from the Board's refusal to allow its Director to testify*, operated, by virtue of Rule 41(b) 'as an adjudication on the merits,' i.e., as a dismissal of the action 'with prejudice.' * * *" (Italics supplied for emphasis.)

He overlooks the fact that the order of dismissal specifies the precise grounds upon which the petition was dismissed.[9] He also overlooks the fact that, according to the court's order, the dismissal was based upon a failure of a jurisdictional requirement, which is expressly excepted from the operation of rule 41(b).

---

8. 28 U.S.C.A., rule 41(b), 52(b) and 60(b).

9. The order of dismissal reads, *inter alia*, as follows:

"1. Conduct by petitioner of a preliminary investigation of the amended charge as required by Section 10(l) of the Act and Section 101.4 of the NLRB's Statements of Procedure prior to filing a petition for injunction based thereon is a condition precedent to petitioner's right to file a petition and is a jurisdictional requirement compliance with which respondents are entitled to challenge and litigate in this proceeding. * * *

"2. Petitioner is not by law entitled to withhold evidence as to its compliance with said jurisdictional requirement in this proceeding in which petitioner is in-

voking the court's aid and seeking judicial relief. * * *

"3. Petitioner's refusal to testify and produce the evidence required by the subpoena deprives respondents of opportunity to establish a relevant defense, by due process of law.

"4. [This item relates exclusively to the International.]

"5. For the foregoing reasons, an order should be entered dismissing the petition for injunctive relief as to all respondents.

"Order

"It is hereby ordered, adjudged and decreed that the petition be and it hereby is dismissed. * * *"

We hold that, under rule 41(b), Judge Perry, having in the order for dismissal specified the grounds therefor, which, as to the Locals, did not involve the merits of the case, the dismissal order does not operate as an adjudication upon the merits. The purpose of the inclusion of the quoted sentence in rule 41(b) is to state the effect of a general dismissal in which the court specifies no grounds therefor.

Even if we were to indulge, in Judge Perry's behalf, an assumption that rule 41(b) is ambiguous, we would be confronted with the proposition that the construction of this rule for which his counsel contends, is in derogation of the common law and that, therefore, the rule is to be construed strictly. At common law a dismissal on a ground other than the merits would not constitute *res judicata* in a later case. Haldeman v. United States, 91 U.S. 584, 586, 23 L.Ed. 433; Pueblo de Taos v. Archuleta, 10 Cir., 64 F.2d 807, 812; Gardner v. United States, 9 Cir., 71 F.2d 63, 64; Burgett v. United States, 7 Cir., 80 F.2d 151, 154.

Within the framework of the rules of civil procedure, rule 1 [10] provides that said rules "shall be construed to secure the *just*, * * * determination of every action". (Italics supplied.) With this admonishment in the rules themselves, we would not be justified in ascribing to Judge Perry's order of dismissal the effect of an adjudication on the merits, when the order clearly specifies his grounds therefor and conspicuously refrains from mentioning the merits of the case. Such a result would obviously be *unjust*. It would make the rule a means of entrapment of the plaintiff.

Rule 52(b) of the Federal Rules of Civil Procedure [11] fixes the time for amending findings and making additional findings of fact. Because of the grounds upon which we are granting relief to the Regional Director, the contents of rule 52(b) are not relevant.

The relevant provisions of rule 60 (b) [12] are:

"Rule 60. Relief from Judgment or Order

\*　\*　\*　\*　\*　\*

" (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: * * * (6) any other reason justifying relief from the operation of the judgment. * * *"

As the language of the rule indicates, its purpose is to *relieve* a party from a final judgment, order, or proceeding. As we have pointed out, the final judgment or order in the case before Judge Perry was the order of dismissal of the petition of the Regional Director. The order was entered on the motion of the respondents named in the petition. They procured the entry of the order. They have not sought *relief* from the order of dismissal and no reason is suggested as to why they want *relief* from an order which they caused the district court to enter. It is our opinion that rule 60(b) has no application to this case.

2. In the situation presented to us, mandamus is the appropriate remedy. Certainly no appeal could have been taken from the entry of the supplemental findings and conclusions of law. They do not constitute an order or judgment.[13] Breeding Motor Freight Lines v. Reconstruction Finance Corp., 10 Cir., 172 F.2d 416, 425, certiorari denied 338 U.S. 814, 70 S.Ct. 54, 94 L.Ed. 493. From a practical standpoint, there is a substantial doubt as to whether a new

---

10. 28 U.S.C.A. rule 1.

11. 28 U.S.C.A. rule 52(b).

12. 28 U.S.C.A. rule 60(b).

13. 28 U.S.C.A. § 1291: "The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts * * *."

section 10 (*l*) proceeding would succeed if these findings and conclusions are to remain of record and thus might be cited in an effort to defeat such new proceeding. Their continued existence would afford a pretext for citing them in an effort to bolster an argument that the record before Judge Perry is *res judicata* or collateral estoppel in proceedings against the same unions on new causes of action. They should be immediately nullified to remove the potential mischief inherent in them. The alacrity with which respondents cited to Judge Harper the proceedings before Judge Perry is proof that the potentialities here envisaged do not lack substance.

For the reasons above set forth, a writ of mandamus will issue directing and commanding respondent the Honorable J. Sam Perry, Judge of the United States District Court, as aforesaid, to forthwith enter an order of said court setting aside and striking from the record the supplemental findings of fact and conclusions of law which he made in case No. 58–C–1512 on October 7, 1958.

Writ of mandamus to issue.