MARY E. WARD, Respondent, v. GEORGE B. BOYCE, Appellant.

1. FORMER ADJUDICATION. The record of a former judgment between the same parties, in which the same question was involved and determined, is a bar or conclusive evidence in a subsequent action upon the question so involved and decided; but it must appear that the court in the first action had jurisdiction.

2. JUDGMENT OF SISTER STATE — TRUSTEE PROCESS. The judgment of a court of a sister state recovered upon trustee process or attachment proceedings in which the defendant is not personally served with process and does not appear, is effectual only to bind such property of the debtor as is found within the jurisdiction.

3. DUE PROCESS OF LAW — PROCEEDING IN REM. To constitute due process of law in a proceeding *in rem*, whereby a party may be deprived of his property without personal service of process upon him, or voluntary appearance, the *res* must be seized or attached, or at least must be within the jurisdiction.

4. JUDGMENT AUTHORIZED BY STATUTE — FAITH AND CREDIT IN OTHER STATE. In order to entitle a judgment, authorized by statute, to full faith and credit in another jurisdiction, it must appear that the statute contemplated a judicial proceeding which constitutes due process of law.

5. JUDGMENT ON TRUSTEE PROCESS — EFFECT ON NOTE HELD BY NON-RESIDENT. The owner of a note who resides in this state is not bound by a judgment of a justice of the peace in Vermont on a trustee process adjudging a recovery upon the note in favor of a creditor of the owner's husband, where judgment by default was first rendered against the husband for his debt, without service of any kind upon the non-resident husband or wife, or any proof that she had any property or credits within the state of Vermont, although, after disclosure by the maker of the note as trustee, she was personally served in that state with a citation to show cause why the note should not be applied upon the judgment, but did not appear, since the final proceeding of which she had notice rested upon the prior judgment which was void for want of jurisdiction.

6. JUDGMENT AS EVIDENCE — EXTRINSIC PROOF OF FACTS DETERMINED. The fact that plaintiff was not the owner of a note at the com-

mencement of the action thereon is not proved by the record of proceedings subsequently commenced in a Justice's Court in another state, which contains no pleadings to show the actual issue, nor any findings to show that the fact now in question was litigated or determined when it is not aided by extrinsic proof on this point, although it shows that judgment was rendered for a recovery on the note in favor of a creditor of the husband of the present plaintiff, and providing that the maker should, upon payment to him, be released and discharged from all liability on the note.

7. SITUS OF NOTE — JURISDICTION IN TRUSTEE PROCESS. A note held by a non-resident which is payable where he resides has its *situs* there, and is in no sense property of the debtor, or within the power of the courts at the debtor's residence for the purpose of making any decree in trustee process affecting its title or ownership.

*Ward* v. *Boyce,* 80 Hun, 499, affirmed.

(Argued February 5, 1897; decided March 2, 1897.)

APPEAL, by permission, from a judgment of the General Term of the Supreme Court in the third judicial department, entered October 3, 1894, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Circuit without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*J. Sanford Potter* for appellant. If the proceedings and judgment in Vermont were had and taken in accordance with the laws of Vermont, they were binding and conclusive upon George P. Boyce, and may be pleaded in abatement to the action here. (*Embree* v. *Hanna,* 5 Johns. 101; *Williams* v. *Ingersoll,* 89 N. Y. 508; *M. L. Ins. Co.* v. *Harris,* 7 Otto, 331; *Pennoyer* v. *Neff,* 95 U. S. 714; *Douglass* v. *P. Ins. Co.,* 138 N. Y. 209; *Gray* v. *D. & H. C. Co.,* 5 Abb. [N. C.] 131.) The proceedings and judgment were had and taken strictly in accordance with the laws of Vermont, providing for the maintenance of actions by trustee process. (R. L. of Vermont, ch. 63, §§ 1067, 1081; *Leonard* v. *C. S. N. Co.,* 84 N. Y. 48; *Gormley* v. *Clark,* 134 U. S. 338; *McElvaine* v. *Brush,* 142 U. S. 155; *Morley* v. *L. S. & M. S. R. Co.,* 146 U. S. 162; *Spofford* v. *Page,* 15 Vt. 490; *Morris* v. *Nash,* 30 Vt. 76; *Holmes* v. *Clark,* 46 Vt. 26; *Stearns* v. *Wrisley,* 30

Vt. 661; *Marsh* v. *Davis*, 24 Vt. 370; *Nicholas* v. *Hooper*, 61 Vt. 295; *Hogel* v. *Mott*, 62 Vt. 255.) A court of a justice of the peace in the state of Vermont is a superior court. (R. L. of Vt. § 826; *Hibbard* v. *Davis*, 1 Aiken, 296; *Brown* v. *Edison*, 23 Vt. 448.) The fact that final judgment in the Vermont suit was not rendered until after the commencement of the action in this state is not important. (*Embree* v. *Hanna*, 5 Johns. 101.) The claimant, Mrs. Mary Ward, did not appear, but suffered default. (5 Am. & Eng. Ency. of Law, 461, 467, 469.) The record of judgment offered in evidence was properly authenticated. (*Brown* v. *Edison*, 23 Vt. 448.)

*O. F. Davis* for respondent. The record of the proceedings served upon the plaintiff, Mary E. Ward, at Montpelier, Vermont, November 21, 1893, to appear at Poultney, Vermont, in six days thereafter, distant 125 miles therefrom, shows that the purported judgment taken against M. Eugene Ward, her husband, before this justice of the peace was irregular and absolutely void upon its face under the statute laws of the state of Vermont. (Vermont Stat. § 1081.) The judgment rendered by the justice on the ninth day of October against M. Eugene Ward was void under the laws of the state of New York and in violation of the 14th amendment of the Constitution of the United States. (*Martin* v. *C. V. R. R. Co.*, 50 Hun, 347; *Douglas* v. *P. Ins. Co.*, 138 N. Y. 221.) The defendant in this attachment suit, M. Eugene Ward, never owned this note; therefore, it could not be attached as his property either as assignor or owner. (*Williams* v. *Ingersoll*, 89 N. Y. 508.) The record is silent as to this note of plaintiff's or debt being attached, nor does the officer's return show that he attached any property, nor was any inventory of such property made as required. (Vermont Stat. § 881.) This note was a written obligation for the payment of money made at Granville, N. Y., and payable to the order of plaintiff who resided there. (*Osgood* v. *Maguire*, 61 N. Y. 524, 529; *Williams* v. *Ingersoll*, 89 N. Y. 523.) Plaintiff was not bound to appear in a foreign state or jurisdic-

tion to assert her right to this note on the notice served on her. (Vermont Stat. § 1122; *Williams* v. *Ingersoll*, 89 N. Y. 525.)

O'BRIEN, J. This appeal involves a very small sum of money, but legal principles of great importance. The action was on a promissory note of $150, made by the defendant, payable to the order of the plaintiff one day after date, which was September 4th, 1893. The defendant, by his answer, put in issue the allegation of the complaint, that the plaintiff was the owner of the note, and set forth certain proceedings in a Justice's Court in the state of Vermont, commenced by what is called trustee process in that state, against the plaintiff's husband and the defendant, by one Herrick, claiming to be a creditor of the husband.

It is alleged that in that proceeding, to which the plaintiff was made a party, it was adjudged by a court of competent jurisdiction, proceeding under and according to the laws of that state, that the note in suit was not the property of the plaintiff, but of her husband, and that this defendant should pay the amount to Herrick, the husband's creditor, in satisfaction of his claim or judgment *pro tanto.*

On the trial of this action the plaintiff produced the note, the execution of which was admitted, and this established the fact, *prima facie*, that the plaintiff was the owner and holder thereof. The defendant then gave in evidence the record of proceedings in the Justice's Court in Vermont and the statute law of that state which it was claimed authorized the proceeding.

It appears also, or was admitted, that the plaintiff and her husband resided, when the note was given and several years before, and at the time of the trial, in Washington county in this state, and the defendant in the state of Vermont. The issues in the case were tried by the court without a jury, and it was found, among other things, that the plaintiff was the owner and holder of the note. The proceedings under the trustee process in Vermont, as they appeared by the record,

were also found and certain sections of the statutes of that state under which the proceedings were had appear in the findings. The court gave judgment for the plaintiff, and the General Term affirmed the decision, but allowed the defendant to appeal to this court.

It is important at the outset to know and bear in mind what the issue between the parties was. It was not that the note had been paid or discharged or merged in the judgment in Vermont, but that the plaintiff was not the owner. The issue was, therefore, one of fact, or perhaps presented a mixed question of law and fact. The plaintiff met this issue by the production of the note at the trial, and the defendant by the production of the record. If the record adjudged the fact that the plaintiff was not the owner of the note, but that some one else was, and the plaintiff was a party to that suit, and the proceedings were of such a character as to bind the plaintiff in another jurisdiction and in another action, it might be difficult to sustain this judgment. The real question was whether the record was conclusive evidence in favor of the defendant of the disputed fact, viz., that the plaintiff owned the note.

There are some propositions growing out of the general question so familiar and elementary that they may be assumed without argument. The record of a former judgment between the same parties, in which the same question was involved and determined, is a bar or conclusive evidence in a subsequent action upon the questions so involved and decided; but it must appear that the court in the first action had jurisdiction.

The judgment of a court of a sister state recovered upon trustee process or attachment proceedings, in which the defendant is not personally served with process, and does not appear, is effectual only to bind such property of the debtor as is found within the jurisdiction. It can form no basis for a personal judgment, and cannot affect the title of property not seized or attached, and not within the jurisdiction of the soveignty where the proceedings are had.

A party cannot be deprived of property without due pro-

cess of law, and that term, in its application to judicial pro-
ceedings, means a course of legal proceedings according to
those rules and principles which have been established by our
jurisprudence for the protection and enforcement of private
rights. ·If the proceedings involve the determination of the
personal liability of the defendant, he must be brought within
the jurisdiction by service of process within the state, or vol-
untary appearance. If it be a proceeding *in rem* the *res* must
have been seized or attached, or at least must be within the
jurisdiction. (*Reynolds* v. *Stockton,* 140 U. S. 254; *Carpen-
ter* v. *Strange,* 141 U. S. 87; *Louis* v. *Brown Township,* 109
U. S. 162; *Cromwell* v. *County of Sac,* 94 U. S. 351; *Rus-
sell* v. *Place,* Id. 606; *Windsor* v. *Mc Veigh,* 93 U. S. 274;
*Pennoyer* v. *Neff,* 95 U. S. 714; *Perry* v. *Dickerson,* 85 N.
Y. 345; *Remington Paper Co.* v. *O'Dougherty,* 81 N. Y. 474;
*Durant* v. *Abendroth,* 97 N. Y. 132.)

The proceedings in Vermont were substantially in accord-
ance with the statutes of that state. It is not enough, however,
to show that the judgment was authorized by statute. In
order to entitle it to full faith and credit in another jurisdic-
tion, it must appear that the statute contemplated a judicial
proceeding in conformity with the principles above stated.

It will be necessary to examine the proceedings had in the
Justice's Court in Vermont with some detail in order to see
whether the judgment rendered is of such a character, and
based upon such proceedings, as to make it conclusive upon
the plaintiff in this action upon the question of fact which was
in issue.

On the 19th of September, 1893, less than three months after
the note in question was made and delivered, a justice of the
peace at Poultney, in Vermont, issued his summons directed
to any constable in the state, commanding him to attach the
goods of Eugene Ward, the plaintiff's husband, to the value
of $200, and to notify him to appear before the said justice,
at that place, on the 2d day of October following, to answer
to Alonzo Herrick in a plea of the case, for that the defend-
ant was indebted to the plaintiff in the sum of $200 for money

had and received; and the constable was also directed to summon George B. Boyce, the defendant in this action, trustee of said Eugene Ward, to appear at the same time and place, to make disclosure, according to law, of the goods, rights and credits of the said defendant, in his hands or possession. There does not appear to have been any proof before the justice when this process was issued, or any proof required by statute, of the important fact that Boyce was, in fact, the trustee of the debtor, or had any rights or credits in his hands subject to attachment or trustee process. That was assumed without any proof, so far as appears. The process described the husband, the principal defendant and debtor, as a resident of the state of New York, and the plaintiff and the alleged trustee as residents of Vermont. A constable made return to the justice in writing, that on the 19th day of September, 1893, he served the writ personally on the trustee, and that he served it on Ward the same day, by delivering a copy to the trustee, said Ward being a non-resident of the state, with a list of the property attached. There is nothing in the return of the constable to show that he had, in fact, attached any property whatever. On the 2d of October, the return day of this process, the plaintiff appeared, and as it appeared to the justice that the defendant was out of the state, the cause was continued to October 9th thereafter. On the adjourned day the plaintiff again appeared, and, as the record states, "the defendant, being three times solemnly called, doth not come, but thereof makes default," judgment was entered in favor of the plaintiff and against the defendant, Ward, for $172.45 damages and $4.24 costs.

This judgment is the foundation of the whole proceeding and the only evidence that Ward was indebted to Herrick in any sum whatever. It will be seen that there was no service of process of any kind upon the non-resident defendant. The constable, it is true, states that he served Ward by serving on Boyce, his trustee, but there was nothing to show that he was such trustee in fact, and, hence, the service might just as well have been made upon any other citizen of Vermont, if

the constable took care to describe him as a trustee. This is the only way that the justice got jurisdiction of the case. Up to this time there does not appear to have been the slightest proof that the defendant had any property within the state, or any credits in the hands of any one, or that the alleged trustee played any part in the proceeding.

But the judgment being rendered, the record states that he appeared in court and made the disclosure that he was summoned to make, and this he did, by an affidavit taken before another officer, in which he stated that he was the trustee summoned in the case; that on the 4th of September, 1893, he gave the plaintiff the note in this suit; that it was given for cattle sold to him by the plaintiff, or in her name; that her husband was present at the sale; that the note was unpaid; that he had not at the time of the service of the writ, nor since, any goods, chattels or credits of the defendant in his hands or possession, and he asked that, before judgment was rendered against him, the plaintiff in this action, who held the note, be cited to appear as claimant.

There was nothing whatever in this disclosure or affidavit to raise any question with respect to the plaintiff's title to the note. All that appeared was that the defendant in this action purchased certain property of the plaintiff, for which he gave her the note in the presence of her husband. But on motion of Herrick, the alleged creditor, it was ordered that the hearing as to whether the trustee "shall be adjudged chargeable, and the sum mentioned in said disclosure adjudged to be held by said plaintiff in part satisfaction of said judgment," the proceedings were continued to the 27th day of November, 1893, and that the wife, this plaintiff, be notified of the proceedings in the cause, and cited to show cause why the sum mentioned in the disclosure should not be adjudged to be held by the creditor and applied upon his judgment, and that, as the wife was a resident of the state of New York, it was ordered that she be cited in and notice given to her, by delivering to her personally a certified copy of the record six days prior to the return of the citation.

The record shows that the justice issued the citation, commanding the plaintiff in this action, by name, to appear before him on the 27th day of November, 1893, to show cause why the note in suit should not be adjudged to be held by Herrick as the property of her husband in the judgment before rendered. This citation, with a copy of the record, was personally served by the sheriff upon the wife, at Montpelier, in Vermont, on November 21st, 1893; and the proof of such service having been returned to the justice, the record states that on the adjourned day the plaintiff Herrick appeared, but that "said Mary E. Ward, being thrice solemnly called, did not appear nor make claim in regard to the matters aforesaid." Whereupon, after hearing the plaintiff's proofs, it was adjudged that the note is the property of Eugene Ward, and that the same be held by Herrick against him and as his property, and judgment was rendered that the plaintiff in the proceedings recover of the trustee, this defendant, the sum of $151.57, and that upon payment thereof the maker be released and discharged from all liability on the note.

It was not alleged or claimed that the defendant had ever paid this sum to any one, but, perhaps, that is not very material.

The proposition of the defendant's counsel is that, by means of this proceeding, the plaintiff has been divested of her title to the note in suit, and that it has been transferred to another.

It will be seen that the plaintiff, or the moving party in this Vermont action, was Herrick, and, while there are what might be called two judgments in the same action, the last was supplemental to the first, and, properly, the proceeding, from commencement to end, must be regarded as one action. But the plaintiff was not in any way made a party to it until the principal fact had been adjudged, which was that her husband was indebted to Herrick. Neither the husband nor the wife had any opportunity to contest that fundamental element in the litigation, and, unless that can be treated as a valid judgment in this jurisdiction, the subsequent proceedings for its enforcement must fail. It is the same as if a creditor in this

state should inaugurate supplemental proceedings upon a void judgment. Any order or judgment made in such proceedings would also be void for want of jurisdiction. It is no answer to say that the plaintiff had personal notice of the final proceedings against the trustee. These proceedings rested upon the prior judgment, and unless that is binding upon her the rest of the proceedings must fall with it. The proceeding must be regarded as a whole from the time that the first process was issued until the adjudication against the trustee. The action was in the nature of a creditor's suit, by a creditor at large against the debtor and such third parties as had in their hands rights, credits or equities applicable to the payment of the claim. The debt against the principal defendant, and the fact that the other parties held some property in trust for him, were, by the scheme of this suit, to be established in the same action.

The initiatory step was to prove the debt and establish it by the judgment of the court, and unless jurisdiction was obtained for that purpose of the necessary parties the subsequent steps for its collection cannot stand. Since there was no jurisdiction of the debtor, and no opportunity for his wife to litigate the question upon which all other questions depended, the judgment ought not to conclude her in a subsequent action in another jurisdiction.

When a party seeks to prove a disputed fact involved in the action by a former judgment, it must appear that the judgment was recovered in an action between the same parties or their privies. If the litigation was between other parties, though the same fact was in issue and determined, the judgment is neither a bar nor evidence. The Vermont action was not one between the plaintiff and the defendant, but between Herrick as plaintiff and Eugene Ward as defendant, and Boyce, the present defendant, as trustee. This plaintiff was not made a party to it in any form until after the judgment which adjudged that her husband was a debtor, and this defendant his trustee. On these vital questions, as already observed, she had no hearing and no opportunity to be heard.

Nor did her husband, although the question whether he owed a debt to Herrick was the foundation of the whole proceeding. The most that can be said is that the plaintiff had notice of a part of the proceedings. But before she was made a party by such notice, important questions affecting her had been decided. It is manifest that the object of the whole proceeding from beginning to end was to reach the note in suit, which she held as her own property. The judgment ought not to conclude her here, when it appears that she was not a party to the whole proceeding, but was brought in at the end under a permissive provision of the statute, and at a stage when she had no opportunity to litigate the fundamental issues in the action. So we think she was not a party to the former suit, in that full and complete sense which the law implies, in order to conclude or estop her by the judgment, in a subsequent litigation.

But a former judgment is not conclusive evidence of a fact sought to be established by it, unless it is made to appear that the same fact was in issue in the former suit; that it was material and that it was determined. This may appear by the record itself, and when it does not, may be shown by extrinsic proof. (*Bell* v. *Merrifield*, 109 N. Y. 202; *Carleton* v. *Lombard*, 149 N. Y. 137.) Now the fact sought to be proved by the record was that when this suit was commenced on the 20th of October, 1893, the plaintiff was not the owner of the note in suit. She certainly owned it then, since it was a month later when she was served with any process in the Vermont suit, and still later when the judgment against her was rendered. The pleadings in an action ordinarily relate to the situation and the facts as they exist at the time of the commencement of the action. If either party seeks to draw in subsequent events into the litigation, it must be done by supplemental pleading. (Code of Civ. Pro., sec. 544.) It is important to bear in mind that this action was commenced more than a month before the judgment against the trustee in Vermont. That fact, though not found by the trial court, appears upon the brief of plaintiff's counsel; was asserted at

26

the argument without denial, and is confirmed by the date of the summons.    The defendant, however, made no attempt to resist the proceedings against him in Vermont upon the ground that he had also been sued for the same cause of action here.    If he really felt that there was any danger of being made liable to pay the note twice, it is quite remarkable that he did not at least reveal to the Vermont court the actual situation.

The record of the proceedings in Vermont contains no pleading from which the actual issue between the parties can be determined, nor does it contain any findings of fact to show that the disputed fact involved in the present action was in issue, litigated or determined in the Vermont court.    No extrinsic proof that it was so litigated or determined was given on this trial.    It is no answer to this to say that it must have been involved, since the justice rendered judgment for the plaintiff.    We do not know and cannot conjecture upon what ground the judgment of the justice was based.    There was only one ground that we can perceive upon which it could proceed according to any system of law in force where private rights are protected, and that was that, though the note was held by the wife, yet the debt which it evidenced was for the property of the husband, and that the gift of the note to the wife was fraudulent as to creditors.    That proposition involved a variety of facts and circumstances familiar to courts of equity, but did not involve the legal title, possession or right of possession of the note.    There is no indication on the face of the record that such questions were in issue, litigated or determined.    If, however, any such question was in fact litigated and determined before a justice of the peace, that fact should have been shown at the trial by extrinsic proof before the record could conclude or estop the plaintiff.    We have already observed that the Vermont record was not pleaded in bar, or by way of payment or satisfaction, but as conclusive evidence of the fact in issue. Since it was not in existence when this suit was commenced, it could not have been pleaded in bar or as payment or satis-

faction except in a supplemental answer. It could probably have been given in evidence at the trial to prove the fact under the general denial. The only question with which we are now concerned is, what did it prove? Did it prove jurisdiction of the court? Did it prove that the plaintiff was a party to the former suit in the sense that she was concluded? Did it prove that the disputed fact was in issue, litigated and determined in the former suit? If it failed at any of these points it could not conclude the plaintiff. We think it did fail on one or more of these points for the reasons stated, and that the trial judge was not bound to give to it the merit and force of conclusive evidence.

If we were to consider the effect of this judgment outside of the issues in this case and apart from the objections above suggested, either as a bar or as payment or satisfaction, it would still, even in this broader view, be open to very grave objections. According to general principles of jurisprudence, a sister state or a foreign government may authorize its courts to seize or attach or take upon trustee process the property of a citizen of this state, domiciled and residing here, for the payment of debts, provided the property is found within the jurisdiction. In a proceeding *in rem*, there must be jurisdiction of the *res*, and where there is, personal service of notice within the jurisdiction is not necessary. But, in order to bind the owner in a subsequent action in this jurisdiction, the proceeding must at least be shown to have been orderly and conducted according to the rules of the common law for the protection of private rights. The property must be appropriated for the purpose by the judgment of some competent court, that has acquired jurisdiction by regular process, with some reasonable notice to the owner and an opportunity to be heard. We will not stop to inquire whether the laws of Vermont, which authorize the property of non-residents to be taken upon trustee process issued by a justice of the peace, are a substantial compliance with these rules. It is quite certain, however, that in this case the creditor in that suit found no property of his debtor within the jurisdiction that could be

seized or appropriated to the payment of the debt. The note in suit was not only payable to another party, but was held by that party in this state, where its legal *situs* was. It was in no sense property of the debtor within the state of Vermont, and, according to the settled doctrine of this court, the courts of that state had no power in such a proceeding to make any decree affecting its title or ownership. (*Douglass* v. *Phenix Ins. Co.*, 138 N. Y. 209; *Williams* v. *Ingersoll*, 89 N. Y. 508; *Osgood* v. *Maguire*, 61 N. Y. 524; *Plimpton* v. *Bigelow*, 93 N. Y. 592; *Straus* v. *Chicago Glycerine Co.*, 46 Hun, 216; affirmed, 108 N. Y. 654.)

There was really no property of any kind belonging to the debtor found in Vermont to attach. A proceeding of this character, which in form is *in rem*, where the *res* was not within the jurisdiction, cannot estop or conclude the plaintiff in this action as to the fact which was put in issue. (*Durant* v. *Abendroth, supra;* 1 Green. Evi. sec. 542; Story on Conflict of Laws, sec. 549; *Robinson* v. *Ward's Exrs.*, 8 John. 86.)

Our conclusion is that the judgment record did not estop or conclude the plaintiff, with reference to the fact in issue. The finding of the trial judge, that the plaintiff was the owner and holder of the note, was supported by evidence, and is not against any proof in the case that controlled the question.

The judgment should, therefore, be affirmed.

ANDREWS, Ch. J., GRAY and VANN, JJ., concur; BARTLETT, HAIGHT and MARTIN, JJ., concur in result.

Judgment affirmed.