GUSSIE ZELMANS, Respondent, v. BENNY STERN, Appellant.— Motion for leave to appeal to the Appellate Division denied. Present — Lazansky, P. J., Young, Hagarty, Davis and Johnston, JJ.

ISIDOR KLEIN, Appellant, v. LENA KRAMER, Respondent.— Motion for reargument referred to the court that rendered the decision. [See 246 App. Div. 760; 247 id. 725.] Present — Lazansky, P. J., Carswell, Davis, Adel and Taylor, JJ. The parties having stipulated in writing that this motion may be decided by a court of four justices, the decision of the court is as follows: Motion for reargument granted and on reargument order denying motion of a holder of a second mortgage for judgment for the amount due on the bond secured by the mortgage reversed on the law and the facts, with ten dollars costs and disbursements, and plaintiff's motion for judgment granted, with ten dollars costs. (See Realty Associates Securities Corporation v. Hoblin, 247 App. Div. 904.) Lazansky, P. J., Carswell, Davis and Johnston, JJ., concur.

AMERICAN SEAL-KAP CORPORATION and AMERICAN SEAL-KAP CORPORATION OF DELAWARE, Respondents, v. SMITH LEE Co., INC., KLEEN KAP CORPORATION and Others, Appellants.— Order restraining and enjoining defendants, pendente lite, from disclosing trade secrets in connection with machines, methods and processes used in the manufacture of milk bottle caps, and from obtaining the issuance of letters patent, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Carswell, Davis, Adel and Taylor, JJ., concur.

BEATRICE BROWN and DOUGLAS BROWN, Appellants, v. MAX GOLDEN, Respondent.— Plaintiff Beatrice Brown was a visitor of a tenant of the defendant, owner of an apartment house. She fell on the rear outside stairway of said house and sustained personal injuries. Evidence was presented on the trial tending to establish that such fall was caused proximately by a defect in one of the wooden steps of the stairway, which defect had existed for a considerable length of time and of which the defendant had notice. The said plaintiff brought this action against the defendant to recover her damages for such personal injuries, and the other plaintiff, Douglas Brown, her husband, sued herein for loss of services and medical expenses, joining in the same complaint. The trial justice submitted to the jury the questions of defendant's alleged negligence, the plaintiff wife's freedom from contributory negligence, and damages. The jury rendered a verdict in favor of the plaintiff wife for $2,500, and in favor of the plaintiff husband for $657. Upon defendant's motion, the trial justice set aside such verdict and ordered a new trial of the action, upon the assigned grounds, (1) that such defect was trivial and inconsequential, and (2) that the jury's verdict was against the greater weight of the evidence. From the order entered thereon plaintiffs appealed. Order granting defendant's motion to set aside the verdict and directing a new trial of this action reversed on the law, with costs, motion denied, verdict reinstated, and judgment directed to be entered thereon, with costs. We are of opinion that the case was properly submitted to the jury, that the evidence supports the verdict rendered in all respects, and that the trial justice erred in setting it aside and in ordering a new trial. Lazansky, P. J., Young, Carswell and Taylor, JJ., concur; Hagarty, J., dissents and votes to affirm.