CHARLES FROMM and MINNIE FROMM, Plaintiffs, *v.* JOHN GLUECK, Defendant.

Supreme Court, Greene County, January 7, 1937.

*Benjamin Sholemson,* for the plaintiffs.

· *Osborn, Bloodgood, Wilbur & Fray [Howard C. Wilbur* of counsel], for the defendant.

BERGAN, J. On the 21st day of December, 1921, in New Jersey, the defendant executed a bond to the plaintiffs in the principal sum of $15,000, and upon the same day, as security therefor, the defend·· ant and his wife executed a mortgage upon lands at Union City, N. J. On the 7th day of September, 1934, a final decree of foreclosure of such mortgage was made in the Court of Chancery in the State of New Jersey in an action brought by the plaintiffs against the defendant and certain others.

It was adjudged in such decree that there was then due upon the bond and mortgage the sum of $15,817.50, and a direction was likewise made that a writ to the sheriff of Hudson county for the sale of such mortgaged premises be issued. Thereafter on October 18, 1934, the sheriff sold the premises at public sale to the plaintiffs, being the highest bidders, for the sum of $100. This sum and certain additional moneys paid by the receiver in the foreclosure proceedings were credited to the amount found due to the plaintiffs and the complaint in this action, which is based upon the bond, alleges that "there remains due to the plaintiffs the amount of $16,304.69." Judgment is demanded in this amount.

Several defenses are pleaded in the answer. One, which alleges that the fair and reasonable value of the premises when sold by the sheriff was $43,414, and exceeded the entire indebtedness on the bond and all prior liens, is of significance.

The plaintiffs move for summary judgment for the relief demanded in the complaint. The determination of the motion turns upon the nature of the adjudication made in New Jersey, the extent to which

jurisdiction was there acquired of the defendant, and the availability and sufficiency of the main defense asserted by the defendant. I think sufficient has been shown in the moving papers of the plaintiffs to establish the regularity of the proceedings in New Jersey in so far as they related to the judgment of foreclosure and the sale conducted in pursuance thereof, and, accordingly, I do not find that the denials of these matters set forth in the answer would constitute a sufficient defense. There are, however, other and more persuasive objections to granting summary judgment for the relief demanded in the complaint.

The Court of Chancery of New Jersey did not acquire personal jurisdiction of the defendant and it does not appear from any of the papers that any personal judgment for the amount of the deficiency arising from the sale of the mortgaged premises was rendered against him. This action, therefore, is not, strictly speaking, an action upon a judgment. It is, rather, as I construe the complaint, an action upon the bond for the amount due thereon, giving credit for the moneys received in the mortgage foreclosure proceeding in New Jersey by virtue of the receivership and the sale by the sheriff. While, under the Constitution of the United States (Art. IV, § 1), full faith and credit must be given by each State to the valid judgments of the others, limitations exist in those actions in which judgment has been entered without acquiring personal jurisdiction and, if the effect of judgments themselves be thus limited, I think it must be said with equal or greater force that the incidents to judgments, such as a deficiency arising from a sale upon foreclosure and not made an express part of the judgment, must be likewise limited in their effect and scope.

The foreclosure action in New Jersey was in the nature of an action *in rem*. In so far as it related to the property within the jurisdiction of that State, it must be conceded that, even though personal jurisdiction of the defendant had not been obtained, the Court of Chancery had the full power to decree the foreclosure of the mortgage and the sale of the property. " If the proceedings involve the determination of the personal liability of the defendant, he must be brought within the jurisdiction by service of process within the State, or voluntary appearance. If it be a proceeding *in rem* the *res* must have been seized or attached, or at least must be within the jurisdiction." (*Ward* v. *Boyce*, 152 N.Y. 191; *Reynolds* v. *Stockton*, 140 U. S. 254.) A judgment *in rem*, when the property is within the jurisdiction of the court pronouncing the judgment, but where jurisdiction over the person of a party has not been obtained, is not personally binding on the party, and is conclusive only as to the property involved, and may be controverted as to

all the grounds and incidental facts upon which it is founded. (*Durant* v. *Abendroth*, 97 N. Y. 132.)

There Judge RAPALLO, writing for the court, said (at p. 141): " In some of the States of the Union, and especially in the State of New York,  *  *  *  it has long been settled that foreign judgments *in rem* are conclusive only as to the property involved, and may be controverted as to all the grounds and incidental facts on which they profess to be founded. (*Vandenheuvel* v. *United Ins. Co.*, 2 Johns. Cas. 451.)

" So the judgment, even of a neighboring State, on foreign attachment, if the defendant has not appeared and litigated, is treated as a proceeding *in rem* and not personally binding on the party, as a decree or judgment *in personam*. It only binds the property seized or attached in the suit.  *  *  *  And it is not conclusive evidence of the debt in another suit between the same parties."

This rule applies to cases arising within this State as to the liability of absentees. Continuing in the *Durant Case* (*supra*), Judge RAPALLO said: " In the familiar case of an action for the foreclosure of a mortgage, where the mortgagor and bondsman is proceeded against as a non-resident, by publication without personal service, though the judgment is conclusive against him as to his interest in the property, it is not conclusive upon him personally as to the mortgage debt, and no personal judgment for a deficiency can be recovered against him."

If the court in New Jersey be deemed to have acquired personal jurisdiction of the defendant, it must, nevertheless, be said that there has been no judgment rendered fixing the amount of the deficiency. A former judgment is not conclusive of a fact sought to be established by it " unless it is made to appear that the same fact was in issue in the former suit; that it was material and that it was determined." (*Ward* v. *Boyce, supra,* at p. 201. See, further, *Bell* v. *Merrifield,* 109 N. Y. 202; *Genet* v. *Delaware & Hudson Canal Co.,* 170 id. 278.) A judgment of a foreign State which does not determine the rights of a party as to the very question involved is not *res adjudicata*. (*Lorio* v. *Gladney,* 153 La. 993; 97 S. 16; *Matter of Longshore,* 188 Iowa, 743; 176 N. W. 902.)

After the sale of the property, the defendant, complaining of the inadequacy of the amount for which the property was sold, and alleging that it was " an unconscionable price and is not the fair or just value of the said described premises," applied to the Court of Chancery of New Jersey for a decree crediting the amount due to these plaintiffs with the fair and reasonable market value of the premises. This relief was not granted, although I cannot find that

it was expressly denied by the chancellor. The order of reference and the injunction order, which were incidents to the order commencing the proceeding to require the fair value of the property to be credited to the amount due to the plaintiffs, were vacated. I think this kind of application, which did not result in any determination of the merits of the contention by this defendant that the fair market value of the property should be credited to the amount due upon the bond, is not the equivalent of an adjudication on the merits of his contention, and did not affect or extend the judgment that had been entered against him in the foreclosure.

Such application was in the nature of a motion to open a default. Its denial would not operate to confer jurisdiction upon the Court of Chancery in the original judgment over the defendant personally. In *Everett* v. *Everett* (180 N. Y. 452) it was said with respect to a motion to open a judgment: " Although that motion was in the end decided against her after a full hearing upon the facts, both with respect to the merits of her defense and to the question of fraud which she claimed had been practiced upon her * * * we think that it was not such a final decision as would operate as an absolute bar to the present action * * * the question with respect to the effect of an adjudication upon a motion must always depend upon the nature of the proceeding. A motion to open a default for any reason is generally addressed to the discretion of the court, and is in its nature interlocutory. Such a motion can never result in a decision of the issues involved in the controversy, since it is always predicated upon the fact that the defaulting party has lost the opportunity to present the issue to the court."

The papers before me do not indicate that the application of this defendant presented to the Court of Chancery was ever considered or denied upon the merits and, if it is so deemed to have been considered, the denial of the application cannot be deemed to have conferred jurisdiction to render the original decree, in so far as the decree may be personally binding upon the defendant in this action. There having been no judgment entered in New Jersey fixing the amount of the deficiency, any valid defense which would be available to the defendant if the deficiency had not been fixed by the sale of the sheriff would presently be available to him.

The balance due upon the bond, in so far as it is to be deemed fixed by the New Jersey proceeding, therefore, is not here controlling. It may follow that, no judgment for the deficiency having been entered in New Jersey, and no jurisdiction having existed in the foreclosure proceedings to render such judgment, the indebtedness on the bond is deemed presently extinguished, or at least unenforcible in the courts of this State against the defendant.

(See *Schwinger* v. *Hickok*, 53 N. Y. 280.) In view of the limited nature of the jurisdiction acquired in New Jersey, however, I think the facts of this case require somewhat different treatment than an unequivocal refusal to grant any relief to the plaintiffs.

Neither party pleads or relies upon the statute of New Jersey in respect of the effect of the present emergency upon deficiency judgments or upon actions for the enforcement of agreements for which mortgages are given as collateral security.

It remains to be determined whether New York's Moratorium Act has application to the defenses interposed. Section 1083-b of the Civil Practice Act, as added by chapter 794 of the Laws of 1933, and as continued in operation by subsequent acts relating to the emergency defined in that chapter, provides that in any action upon an indebtedness secured by a mortgage on real property, originating simultaneously with the mortgage, " the fair and reasonable market value of the mortgaged property less the amounts owing on prior liens and encumbrances " may be set off against such indebtedness. It has been said that this section has no application to actions upon indebtedness secured by mortgages in other States. (*Harris* v. *Metropolitan Casualty Co.*, 156 Misc. 692; *Nathan* v. *Nathan*, 150 id. 895.)

I conclude, however, that in this case the defendant is entitled to plead and establish the set-off authorized by our statute. The set-off relates to a remedy rather than to a right. It is governed, accordingly, by the law applicable in the forum where enforcement of the contract is sought rather than the law where the contract is made. " Laws of set-off, counterclaim, and recoupment relate to the remedy and not to the right, and therefore set-off, counterclaim, or recoupment is governed by the law of the place where the action is brought and not by the *lex loci contractus.*" (57 C. J. 376.)

In dealing with the Statute of Limitations, in *Ruggles* v. *Keeler* (3 Johns. 263, 268), Chief Justice KENT wrote: " The *lex loci* applies only to the validity or interpretation of contracts, and not to the time, mode or extent of the remedy." In *Pritchard* v. *Norton* (106 U. S. 124, 133) it was said in respect of the procedural power of the forum that " it may also admit, as a part of its domestic procedure, a set-off or compensation of distinct causes of action between the parties to the suit, though not admissible by the law of the place of the contract."

The rule is quite well settled and of general application, as in Massachusetts it is said: " The right of the defendant to declare in set-off or to plead in recoupment being a remedial right, it is governed by our laws where the remedy is furnished." (*Stone* v.

*Old Colony Ry.*, 212 Mass. 459, 465; 99 N. E. 218; *Blanchard* v. *Russell,* 13 Mass. 1, 5; *Butterworth* v. *Smith,* 240 id. 192; 133 N. E. 100. See, also, *Lowry* v. *Inman,* 46 N. Y. 119, 126.)

Frequently foreign law, by the act and will of the parties, becomes part of their agreement, and in enforcing this " the law of the forum may find it necessary to give effect to a foreign law." (*Pritchard* v. *Norton, supra,* p. 129.) As was there pointed out by the Supreme Court, the line of distinction between the right and remedy is frequently not sharply defined. I think it must be conceded, however, that the parties to this agreement could not have contemplated the Moratorium Acts or, perhaps, the emergency which gave them birth, and this seems to give strength to the conclusion that the New York act is remedial in essence and is available here to authorize the set-off to the plaintiffs' cause of action pleaded in the answer.

There may be some analogy, too, between the harsh result that would here flow from the judgment sought and the principle that, while the foreign law which governs a contract will be enforced, the courts may decline to give assistance to create a result contrary to the established policy of the State or causing injustice to its citizens. For a discussion of this principle see *Howarth* v. *Angle* (162 N. Y. 179, 191); *Willitts* v. *Waite* (25 id. 577, 586), where it is said that the principle of comity applies " only when neither the State nor its citizens would suffer any inconvenience from the application of the foreign law;" *Lowry* v. *Inman* (*supra*), and, in Massachusetts, *Stone* v. *Old Colony Ry.* (*supra*, at p. 465).

The motion for summary judgment should be denied on the merits, and this result having been reached it is unnecessary to consider the objection to the authentication of the signature of the officer before whom the moving affidavit was taken.

Since the third separate defense in the answer is not labeled as a counterclaim, even if it must be treated as such, a reply is not required. (*Nat. Bank of Rochester* v. *Erion-Haines Realty Co.*, 213 App. Div. 54, 57.) The motion of defendant to dismiss the complaint is denied. No costs. Submit order.