Riley, J.
This is an action of contract in which the plaintiff seeks to recover the sum of two thousand six hundred fifty-eight dollars and sixty-four cents ($2658.64) plus interest at' the rate of six per centum from February 3,1938. The.writ was dated September 12, 1938, and upon the retüín date the original declaration was filed stating that the *185 action was based on a second mortgage bond executed in New York State on November 2,. 1931; that the bond was secured by a second mortgage on real estate situated at 49 Green Place, New Rochelle, New York.
On June 12, 1939, the first amended declaration was allowed and the allegations followed those in the original declaration with the exception that the following words were added, “that on or about February 3, 1938, the defendant was in arrears with regard to taxes, water liens, interest and principal to both the first and second mortgagees.”
A second amended declaration was filed and allowed on June 29, 1939. This second amended declaration added another count for the same cause of action and follows the allegations contained in the first amended declaration with the exception that the following words were added, “that for breach of the conditions of the mortgage bond the first mortgagee, the Chase National Bank of the City of New York as Trustee, foreclosed the property in question and on February 21, 1939, at the foreclosure sale, said Chase National Bank purchased said property on a bid of $6451.33, thereby wiping out the plaintiff’s second mortgage lien on the said premises.”
The answer is a general denial, containing an allegation of payment, and further sets up the defense that the bond transaction declared upon took place in the State of New York; that the bond and mortgage must be construed under the laws of that state and that, under Sections 1083-A and 1083-B of the Civil Practice Act of New York (the so-called mortgage moratorium laws of that state), the plaintiff must set off the fair and reasonable market value of the property so mortgaged against the amount of its claim, in accordance with rules stated in those statutes.
The parties agreed in writing that the following facts were true:
*186 1. That at the time of commencement of this action, the balance due on bond held by plaintiff was $2658.64 plus interest from February 3, 1938.
2. That the balance due by the defendant originated simultaneously with the mortgage and was secured by mortgage dated November 2,1931.
3. That said mortgage was subject to prior mortgage held by Chase National Bank of New York in the amount of $7,000.
4. That on February 21, 1939, the Chase National Bank, holder of the first mortgage, foreclosed its mortgage and sold the premises at public auction for the sum of $7,000.00 less expense of $548.67 or a net purchase of $6451.33.
5. The chronological facts in this case are as follows:
a. Writ dated September 12, 1938, returnable September 24, 1938.
b. First amendment to declaration filed October 28, 1938, and allowed J une 12, 1939. Attorney for defendant assented October 13,1938.
e. Defendant’s answer to original declaration filed September 28, 1938.
d. Second amendment to declaration filed and allowed June 29, 1939.
e. Interrogatories filed by plaintiff to defendant were filed October 7, 1938, and answers filed on October 21, 1938.
6. That, on or about September 12, 1938, the date of commencement of this action, the defendant was in arrears with regard to taxes, water liens, interest and principal due the plaintiff and also the first mortgage.
7. It is agreed that sections 1083-a. and 1083-b. of the New York Code" may be hereto annexed’and referred to.
S. 1083-a. .Limitation upon deficiency judgments during emergency period. No judgment shall be granted *187 for any residue of the debt remaining unsatisfied as prescribed by the preceding section where an action to foreclose the mortgage has been or shall be commenced during the emergency or where the mortgaged property shall be sold during the emergency, except as herein provided. Simultaneously with the making of a motion for an order confirming the sale, provided such motion is made within ninety days after the date of the consummation of the sale by the delivery of the proper deed of conveyance to the purchaser in all cases where the sale is held after the date this section as hereby amended takes effect, and in all cases where the sale was held prior to the date this section as hereby amended takes effect and said sale has not heretofore been confirmed, then within ninety days from this date this section as hereby amended takes effect or within ninety days after the date of the consummation of the sale by delivery of the proper deed of conveyance to the purchaser, regardless of whether the sale was held prior or subsequent to or on the date this section as hereby amended takes effect, the party to whom such residue shall be owing may make a motion in the action for leave to enter a deficiency judgment upon notice to the party against whom such judgment is sought or the attorney who shall have appeared for such party in such action. Such notice shall be served personally or in such other manner as the court may direct. Upon such motion the court, whether or not the respondent appears, shall determine, upon affidavit or otherwise as it shall direct, the fair and reasonable market value of the mortgaged premises as of the date such premises were bid in at auction or such nearest earlier date as there shall have been any market value thereof and shall make an order directing the entry of a deficiency judgment. Such deficiency judgment shall be for an amount equal to the sum of the amount owing by the party liable as determined by the judgment with interest, plus the amount owing on all prior liens and encumbrances with interest, plus costs and disbursements of the action including the referee’s fee and disbursements, less the market value as determined by the court or the sale price of the property whichever shall be the higher. If. no motion for a deficiency judgment shall *188 be made as herein prescribed the proceeds of the sale regardless of amount shall be deemed to be in full satisfaction of the mortgage debt and no right to recover any deficiency in any action or proceeding shall right.
Notwithstanding the foregoing provisions and irrespective of whether a motion for a deficiency judgment shall have been made, or, if made, shall have been denied, the court shall direct that all moneys remaining in the hands of a receiver of the rents and profits appointed in the action, after the payment of the receiver’s fees and the expenses of the receivership, or any moneys remaining in the hands of a mortgagee in possession or an assignee of the rents and profits of said premises, shall be paid to the plaintiff to' the extent of the amount, if any, by which the judgment of foreclosure and sale exceeds the amount paid for said property upon said sale. (Added by L. 1933, ch. 794, in effect August 28 (cf. S. 1083-b); am’d L. 1934, ch. 277, in effect April 23; L. 1934, ch. 562, in effect May 14; L. 1934, ch. 564, in effect May 12; (cf. L. 1935, ch. 2, in effect Jan. 18); L. 1935, ch. 268, in effect April 1, adding matter between figures 1; for effect of section see 1083-b; L. 1936, ch. 87, in effect March 6, extending emergency period to July 1, 1937; L. 1937, ch. 83, in effect March 18, extending emergency period to July 1, 1938; L. 1937, ch. 705, in effect May 27, adding matter at figures 2 and 3; L. 1938, ch. 501, in effect April 6, extending emergency period to July 1,1939; cf. Sections 1083-b. 1077-g.)
(B) Section 1083-b of said New York Code of Civil Procedure is as follows:
S. 1083-b. Judgments in actions on bonds. In any action pending at the time this section as hereby added takes effect, or hereafter commenced during the emergency, other than an action to foreclose a mortgage, to recover a judgment for any indebtedness secured by a mortgage on real property and which originated simultaneously with such mortgage and which is secured solely by such mortgage, against any person or corporation directly or indirectly or contingently liable therefor, any party against whom a money judgment is demanded, shall be entitled to set off the fair and reasonable market value of the mortgaged property less *189 the amounts owing on prior liens and encumbrances. In any action to foreclose the mortgage commenced after the emergency as defined by the law shall have expired, a deficiency judgment may be recovered as though this section had not been enacted but the amount of any money judgment recovered as provided in this section shall be deducted in computing such deficiency judgment. (Secs. 1083-a, 1083-b added by L. 1933, ch. 794, in effect August 28; any section, part of provision of act declared unconstitutional or invalid or ineffective not to affect any other section, provision or part hereof; the period of emergency hereby declared shall be from the date this act takes effect until July 1, 1934; this act shall not apply to mortgages dated on or after July first, nineteen hundred thirty-two, or to any bond, collateral bond, guarantee, or extension agreement or other agreement or writing concerned or delivered in connection with any indebtedness secured by a mortgage deed on or after July 1, 1932 ;'L. 1934, ch. 277, in effect April 23, extending period of emergency until July 1,1935; L. 1935, eh. 2, in effect Jan. 18, extending period of emergency until July 1, 1936; L. 1936, ch. 87, in effect March 6, extending emergency period to July 1,1937; L. 1937, ch. 83, in effect March 18, extending emergency period to July 1,1938; L. 1938, ch. 501, in effect April 6, extending emergency period to July 1, 1939; of. S. 1077-g.)
At the trial evidence was introduced by lay and expert witnesses concerning the “fair and reasonable market value” of the premises known as 49 Green Place, New Rochelle, New York. The parties have agreed that evidence of value was introduced by the defendant to sustain the finding of fact made by the court that the fair and reasonable market value of the mortgaged property was ten thousand five hundred ($10,500) dollars.
The defendant offered in evidence the cases of In re: East 29th Street, 288 N. Y. S. 806, 816, and Klein v. Kramer, 283 N. Y. S. 916.
*190 The plaintiff offered in evidence the cases hereinafter cited in its requests for rulings.
The plaintiff duly made the following requests for rulings which were denied by the court:
1. Upon all the law and evidence, the plaintiff is entitled to recover.
4. Upon all the evidence, your Honor must find that at the time when this suit was brought, that the value of the property in question was a sum not exceeding $7000!.00i and, therefore, the plaintiff is entitled to recover the entire balance due on its second mortgage bond plus interest and costs.
5. Upon all the law and evidence, your Honor must find that the plaintiff is entitled to recover where the taxes and interest were past due at the time of the commencement of this action even though the prior mortgagee had not at that time foreclosed.
6. Where during the pendency of these proceedings, the holder of the first mortgage, namely, the Chase National Bank of New York, foreclosed the property in question and sold same at public auction for the sum of $7000.00, as a matter of law the security for the plaintiff’s bond was wiped out and the defendant is entitled to no set-off.
7. The defendant is not entitled to set-off any amount against the amount owed the plaintiff on the mortgage bond sued on in this action.
8. As a matter of law, the plaintiff is entitled to recover the full amount due as set forth in the plaintiff’s declaration.
9. If your Honor finds that the first mortgage has been foreclosed then the defendant is not entitled to set-off in this action the fair and reasonable market value of .the property in question under Section 1033 B of the New York Code.
10. The defense of set-off by the defendant cannot be sustained where the prior mortgage has been foreclosed, leaving the .plaintiff’s bond unsecured. See Wachtel vs. Fantleff, 255 App. Div. 867, Weisel v. Ragdahl Realty Co. Inc., 241 App. Div. 314, Klein v. Kramer, 246 App. Div. 760 and 248 App. Div. 617, Realty Associates v. Hoblin, 247 App. Div. 904.
*191 11. The burden of proving set-off is upon the defendant and upon all the evidence said burden of proof has not been sustained.
12. Where the Commonwealth of Massachusetts does not afford a remedy similar to sections 1083 A and 1083 B of the New York Code in connection with the plea of set-off, then the defendant cannot avail himself in this •section of such a defense. See Fromm v. Glueck, 161 Misc. 502 — 293 New York Supp. 530, Lowry v. Inman, 46 N. Y. 119.
The first Request was denied as being a general request not conforming to the rules of the District Court. The fourth, fifth, sixth, seventh, eighth, ninth and twelfth Requests were denied on the ground that the court had found to the contrary. The tenth Request was denied as inapplicable, the plaintiff’s bond not being unsecured at the time of the commencement of this action, and the eleventh Request was denied as the court found that the defendant had sustained the burden of proof. The trial judge found for the defendant and made the following finding of facts:
“The Court specially finds that the New York statute placing a limitation on deficiency judgments in actions on bonds is applicable; that under the statute the Defendant is entitled to set off the fair and reasonable market value of the mortgaged property less the amounts owing on prior liens and encumbrances; and the Court further finds that the fair and reasonable market value of the mortgaged property was $10,500 which made the amount that the Defendant is entitled to set off in this action in excess of the amount due the Plaintiff on his bond which was secured by the junior mortgage.”
The defendant contends that the trial judge was right in ruling that the New York statutes above set out are applicable to the case at bar. On the other hand, the plaintiff contends that these statutes are remedial and have no extraterritorial force and further that under the law of New *192 York, as applied to the admitted facts in .the .case at bar, the plaintiff is entitled to recover in this action. • The decision of the question as to the applicability of these statutes in-a suit on a mortgage bond in this Commonwealth depends upon whether .the statutes are declaratory of the substantive law of New York relating to mortgages or whether they simply affect the remedies to which the parties are entitled. The law where a contract is made generally governs its meaning and interpretation in other jurisdiction but the law of the place where the action is brought regulates the remedy and its incidents such as pleading, evidence and practice. This principle has been followed in contract actions in Hoadley vs. Northern Transportation Co., 115 Mass. 304 and Lennon vs. Cohen, 264 Mass. 414 at 425 and cases there cited, and in tort actions in Levy vs. Steiger, 233 Mass. 600 and cases cited and Copithorn vs. Boston & Maine Railroad, Mass. A. S. (1938) 1953 at 1957.
If the statutes in question merely allow a set-off to a defendant in an action of this character, it seems clear, under the Massachusetts decisions, that they are not applicable in Massachusetts. Stone vs. Old Colony Street Railway, 212 Mass. 459. Butterworth vs. Smith, 240 Mass. 192. In the case of Fromm vs. Glueck, 293 N. Y. S. 530, the New York Court held that Sections 1083-A and 1083-B, above set out, applied only to the remedy and had no extraterritorial force. ■ While this decision has no binding force in this Commonwealth, it is entitled to great consideration. The same principle seems to have been applied in the case of Provident Savings Bank amd Trust Co. vs. Steinmetz, 270 N. Y. 129. Some of the language in the decision in Honey man vs. Hanan, 275 N. Y. 382, construing the constitutionality of these statutes, tends to support the theory that they are part of the substantive law of New. York relating to mortgages and are not merely confined to procedure and remedy. How *193 ever, as we understand the agreed facts in the case at bar and the pleadings as amended, upon which the case was tried, we do not think it necessary to determine whether these statutes affect the right of action itself or only the remedy.
It appears from the agreed statement of facts that after the plaintiff’s action was brought on the bond in this case, which bond was secured by a second mortgage on property in New York State, the first mortgagee foreclosed and wiped out any security which the plaintiff had by virtue of its second mortgage. An amendment setting out these facts, which were later agreed upon, was allowed by the trial court before this action was tried and it has not been argued that the trial court erred in allowing this amendment of the pleadings. While there seems to have been some confusion in the construction of the pertinent statutes by the New York courts, it appears now to be definitely established by the decisions of that state that when a prior mortgage has been foreclosed, either before or during the pendency of an action on a bond secured by a subsequent mortgage on the premises, the statutes above quoted do not prevent the plaintiff in an action on such a bond from recovering the full amount due on the obligation. The last case decided by the New York Appellate Division seems to be Wachtel vs. Fantleff, 255 N. Y. App. Div. 867. This case was decided in November 1938 and cites with approval Weisel vs. Ragdahl Realty Co. Inc., 241 App. Div. 314, Realty Associates vs. Hoblin, 247 App. Div. 904 and Klein vs. Kramer, 246 App. Div. 760 and 248 App. Div. 617. This latter case had previously been before the Supreme Court of New York, the decision being reported in 283 N. Y. S. 916 and it is this decision upon which the defendant relies. However, that decision has been expressly overruled by the later decisions *194 of the Appellate Division of the New York Supreme Court in the cases above cited.
It seems clear to us that if this case were tried in the courts of New York the plaintiff would be entitled to a finding for the amount alleged in its Declaration by reason of the interpretation of the relevant statutes made by the New York courts. The defendant has invoked the aid of the New York statutes as a defense in this action. Without them he has no defense. Consequently, we think he should be bound by the construction and effect of these statutes that is placed upon them by the New York courts.
Under their decisions the trial judge was in error in denying the plaintiff’s sixth, seventh and tenth Bequests as, upon the agreed statement of facts under the law of New York, the plaintiff would be entitled to the full balance due on the mortgage bond, about which amount there seems to be no controversy. The finding for the defendant is to be vacated and judgment ordered for the plaintiff in the sum of $2658.64 with interest at the rate of six per cent per annum from February 3,1938.