John F. Reilly, J.
In this paternity action, the respondent moves to dismiss on grounds of res judicata pursuant to CPLR 3211.
Petitioner and respondent were married on October 24, 1970 and divorced on February 7, 1973. In the exhibits attached to the affidavits accompanying respondent’s motion to dismiss are copies of the complaint, the judgment, and the findings of fact and law, and a transcript of the petitioner’s testimony in an uncontested divorce action. The complaint specifically alleges, in an action for divorce on grounds of mental cruelty, that petitioner and respondent had not cohabited since February, 1972. Petitioner specifically testified to this fact under oath as indicated by the trial transcript.
The birthday of the child, Louis Kenneth, who is the subject of this action, is June 7,1973. It is elementary that the respondent cannot be the father of the child if he did not cohabit with petitioner since February, 1972 as per her verified complaint and sworn testimony. The question now before this court is whether the petitioner is now barred from bringing this proceeding on grounds of bar by prior judgment under the doctrine of collateral estoppel.
‘ ‘ It is a fundamental principle of jurisprudence that material facts or questions which were in issue in a former action, and were there admitted or judicially determined, are conclusively settled by a judgment rendered therein, and may not again be litigated in a subsequent action. In this regard,, material issues include any issues of fact whose determination is necessary to the determination of the main issue.
“ The effect of a judgment as to issues of fact determined in a prior action is sometimes spoken of as a collateral estoppel by judgment. The estoppel of a former judgment extends to every material matter within the issues which were expressly litigated and determined, and also those matters which, although not expressly determined, are comprehended and involved in the thing expressly stated and decided, whether they were or were not actually litigated or considered. * * *
“ In general, the courts agree that the doctrine of collateral estoppel by judgment is confined to ultimate facts, and does not extend to evidentiary facts.” (9 Carmody-Wait, New York Practice, 2d, pp. 208-210.)
“ To sustain a plea of a former judgment in bar of a second action it must appear that the cause of action in both suits is the same or that some fact essential to the maintenance of the second action was in issue and determined in the first action adversely to claimant.” (Hull v. Hull, 225 N. Y. 342, 353.)
*241 “ The rule is that a judgment ddes not work an estoppel as to unessential facts, even though put in issue by the pleadings and directly decided.” (Silberstein v. Silberstein, 218 N. Y. 525, 528.)
“A former judgment is not conclusive evidence of a fact sought to be established by it, unless it is made to appear that the same fact was in issue in the former suit; that it was material and that it was determined. This may appear by the record itself, and when it does not, may be shown by extrinsic proof.” (Ward v. Boyce, 152 N. Y. 191, 201.)
“ The decisive test is this, whether the substance of the rights or interests established in the first action will be destroyed or impaired by prosecution of the second. An estoppel is not avoided in such circumstances by mere differences of form between the one action and the other.” (Schuylkill Fuel Corp. v. B. & C. Nieberg Realty Corp., 250 N. Y. 304, 308.)
It is true on the other hand that, “findings of evidential facts though germane to the proceeding in which they have been made, are not always conclusive in another as part of the thing adjudged.” (People ex rel. McCanliss v. McCanliss, 255 N. Y. 456, 459.)
It is the judgment of this court that the fact of noncohabitation established in the prior divorce action was an essential fact to the maintenance of petitioner’s divorce case and that this essential fact was determined by judgment adversely to the petitioner’s claim in the action at bar.
Where noncohabitation is alleged in a divorce action on grounds of mental cruelty, it is assumed that such an allegation is intrinsic to a judgment in plaintiff’s favor on those grounds. The allegation of failure to cohabit is basic and essential to petitioner’s other allegations of abandonment* adultery and implicit lack of condonation. The allegations of verbal abuse, and evasive answers and threats are mere window dressing by comparison. The charge of noncohabitation goes to the substance of the rights established in the divorce judgment because without that allegation and the proof to support it, other allegations assume doubtful credibility. This court cannot say that divorce would have been granted on the remaining facts alleged. (See Seaman v. Seaman, 32 A D 2d 619.)
By the criteria and definitions established in the cases cited, supra, this court finds that the facts and circumstances in the case at bar warrant a dismissal of the petition on grounds of bar by prior judgment under the doctrine of collateral estoppel.
There is an argument implicit in this situation (though not raised in the papers) that people perjure themselves in divorce *242 actions as a matter of course. This is a fact well known to the worldly and is all “ part of the system Consequently, it may be argued, the findings of fact and the petitioner’s prior testimony should not be taken so seriously as to work a collateral, estoppel against her when the .rights and interests, of a blameless infant are really the central issue. For the sake of the child, it may be said, the mother should at least have her day in court and the fact finding should proceed with her inconsistent statements as evidentiary factors in the respondent’s favor.
This court does not believe it would be serving justice in adopting such a view. The respondent has a right to equal protection of the laws under the United States Constitution, the same as does the unfortunate child involved herein. The rule of law which may be summed up in such terms as res judicata, collateral estoppel and bar by prior judgment are rules meant to protect people from the harassment and distress of litigating issues previously decided. Certainly respondent has a right to this protection if the rule applies (as it does) in this case. The right to that protection should not be vitiated by emotional considerations or by this court’s looking behind the divorce judgment and testimony in order to find perjury that may or may not be there.
The motion to dismiss pursuant to CPLR 3211 is granted.