### REABE v. CARNEGIE–ILLINOIS STEEL CORP.

Civ. No. 7942.

United States District Court
W. D. Pennsylvania.

Oct. 30, 1950.

See also, 100 F.Supp. 728.

Hymen Schlesinger, Pittsburgh, Pa., for · plaintiff and libellant.

Ira·R. Hill, and Reed, Smith, Shaw &. McClay, all of Pittsburgh, Pa., for defendant and respondent.

CLARY, District Judge.

### Findings of Fact.

1. Plaintiff is a citizen and resident of Twilight Borough, Washington County, Pennsylvania.

2. Defendant is a corporation organized under the laws of the State of New Jersey with its principal office for the transaction of business in the City of Pittsburgh, Allegheny County, Pennsylvania.

3. At the times herein mentioned the defendant owned and operated the Steamer "I. Lamont Hughes", a vessel in navigation on the Monongahela River and plaintiff was employed by defendant thereon as a chambermaid and was a member of the crew of said vessel.

4. The plaintiff began her employment with the defendant company as an extra chambermaid on its various river boats on June 28, 1946, and was so employed until March 30, 1947.

5. On or about August 9, 1946, defendant's said vessel "I. Lamont Hughes", with six loaded barges in tow, was proceeding down the Monongahela River towards Pittsburgh. The tow consisted of a series of three sets of barges, lashed together, two abreast, and fastened together with ratchets and lines. The barges were each about 175 feet long and 26 feet wide. The vessel was at the rear of the tow and "pushed" rather than pulled the barges.

6. During the early afternoon of August 9, 1946, while the defendant's vessel "I. Lamont Hughes" was proceeding down the Monongahela River towards Pittsburgh with its tow of six loaded barges and was being locked through Lock No. 4 on said river, near Monessen, Pennsylvania, the plaintiff requested permission from Hannah Vogel, stewardess on said vessel, to make a phone call on the lock while said vessel was tied up to the lock. She was given such permission but was instructed by the stewardess to use the double gunwale between the first two barges in going to and from the lock.

7. After making her phone call, the plaintiff proceeded down the ladder along the lock wall, stepped onto the larboard barge at the head of the vessel at a point approximately 125 feet from said vessel and proceeded to run back towards the vessel along the single gunwale until she ran into Stanley Gross, a deck hand of defendant company, who was standing at the end of the first barge ready to handle a 2-inch tow line which was to be loosened from the lock by an employee of the United States Engineers, George Riddle, and which line had helped tie up the vessel in the lock.

8. At or about the time that the plaintiff ran into the deck hand, Stanley Gross, standing on the end of said barge, George Riddle, the lock man, an employee of United States Engineers, who was not in position to see the plaintiff proceeding along the single gunwale, dropped the 2-inch tow line in order to permit the vessel to proceed out of the lock, and the falling line either struck the plaintiff about the head or brushed her left shoulder, causing her to sag to her knees.

9. At the time plaintiff returned from the lock, the vessel and tow had not yet started to move. At the moment the line was dropped by the employee of the United States Army Engineers Department the vessel was still stationary.

10. As the plaintiff sagged to her knees, George Toth, another deck hand, standing several feet away from the plaintiff, caught hold of her and raised her to her feet, and she proceeded without any further help from the end of the barge up onto the vessel.

11. After several hours rest in bed, the plaintiff proceeded to perform her regular work as a chambermaid on the vessel "I. Lamont Hughes" and other vessels being operated by the defendant, without any apparent disability, until March 30, 1947. Although she did not seek or request medical care or treatment following the accident on August 9, 1946, Captain Roush, some days later, when he first heard of said accident, caused another employee of

the defendant company to go to the home of the plaintiff and take her to Dr. John Hay, one of defendant's physicians, at Clairton, Pennsylvania, on August 28, 1946. She was examined then and on two other occasions by Dr. Hay and another physician for the defendant company at defendant's plant hospital at Clairton, Pennsylvania.

12. The plaintiff's duties as a chambermaid on the vessel "I. Lamont Hughes" and other vessels of the defendant company consisted of helping to serve meals, preparing food for other members of the crew and generally looking after and caring for the rooms of the members of the crew. Her regular tour of duty lasted for a period of ten days on the vessel with five succeeding days off, and her earnings during the respective months she worked for the defendant were as follows:

| 1946 | June | $ 21.20 |
|------|------|---------|
|      | July | 67.20 |
|      | August | 173.60 |
|      | September | 152.80 |
|      | October | 146.40 |
|      | November | 118.40 |
|      | December | 94.40 |
| 1947 | January | $138.40 |
|      | February | 193.60 |
|      | March | 189.60 |

13. The defendant furnished the plaintiff a safe place to work.

14. The defendant was not guilty of negligence in its operation of the vessel and tow in Lock No. 4.

15. The plaintiff in using the single gunwale, contrary to the orders of her superior, failed to exercise due care for her own safety and was negligent.

16. There were no special circumstances warranting the use of the single gunwale by the plaintiff.

17. When the plaintiff reached the quarterhead, she was warned by deck hand Gross to stop to avoid the falling line, which warning she failed to heed. Had plaintiff complied with the direction of the said deck hand, she would not have been struck by the falling line.

18. Plaintiff was negligent in using the single gunwale as a way of passage and further in failing to heed the warning of the deck hand.

19. The sole and proximate cause of the accident was the negligence of the plaintiff.

Conclusions of Law.

1. The defendant's vessel, "I. Lamont Hughes", and its tow were at all times on August 9, 1946, in a seaworthy condition, and there was no failure on the part of the defendant to furnish plaintiff with adequate and proper tools with which to work or a safe place to work, as alleged.

2. The proximate and sole cause of the plaintiff's accident and injury was the negligence of the plaintiff herself in violating orders of her superior and failing to heed the warning of the deck hand.

3. The plaintiff's accident was not caused by or contributed to by any act of negligence on the part of the defendant, its agents or emplyoees.

4. Defendant is entitled to judgment in its favor.

