### REABE v. CARNEGIE–ILLINOIS STEEL CORP.

#### No. 153 In Admiralty.

United States District Court
W. D. Pennsylvania.

Oct. 30, 1951.

See also, 100 F.Supp. 726.

Hymen Schlesinger, Pittsburgh, Pa., for plaintiff and libellant.

Ira R. Hill, and Reed, Smith, Shaw & McClay all of Pittsburgh, Pa., for defendant and respondent.

CLARY, District Judge.

### Findings of Fact.

1. Libellant is a citizen and resident of Twilight Borough, Washington County, Pennsylvania.

2. Respondent is a corporation organized under the laws of the State of New Jersey with its principal office for the transaction of business in the City of Pittsburgh, Allegheny County, Pennsylvania.

3. At the time herein mentioned the respondent owned and operated the Steamer "I. Lamont Hughes", a vessel in navigation on the Monongahela River and libellant was employed by respondent thereon as a chambermaid and was a member of the crew of said vessel.

4. On or about August 9, 1946 in the afternoon of said day, said steamer, "I. Lamont Hughes" together with its tow of barges was being locked through Lock No. 4 on the Monongahela River in the vicinity of Monessen, Pennsylvania, and within the jurisdiction of this Court.

5. On or about August 9, 1946 at about 1 p. m. while the said vessel was in the lock chamber at Lock No. 4, libellant went to the telephone at or near said lock.

6. While libellant was returning to the vessel, when she arrived on the quarterdeck of the barge she was struck by a 2-inch tow line which was dropped by the lock man onto the barge.

7. As a result of being struck by said tow line, the libellant sustained injuries causing a functional nervous condition which totally disabled libellant from working from March 30, 1947 until the time of trial, March 14, 1951, and which disability may continue in the future.

8. Libellant has been and will be in need of medical care to relieve and improve her condition.

9. Libellant is entitled to maintenance and cure from March 30, 1947 until March 14, 1951, excepting the periods of March 30, 1947 to June 23, 1947 and January 10, 1950 to January 19, 1950 when she was afforded hospitalization.

10. The libellant is entitled to maintenance and cure at the rate of $4 per day, the rate stipulated by the parties at trial.

### Discussion.

This is the Admiralty phase of the case of Reabe v. Carnegie-Illinois Steel Corporation, D.C., 100 F.Supp. 726. An opinion has been filed in that case denying recovery on the grounds of lack of negligence. The present action being for maintenance and cure is not dependent upon the negligence of the respondent and there having been proof of injury in the course of employment, her right to maintenance and cure accrues until she has obtained the fullest measure of recovery possible under the circumstances. See Calmar S. S. Corporation v. Taylor, 3 Cir., 92 F.2d 84, 87.

This action has given the Court considerable difficulty as to the extent of libellant's injury. There is no doubt that Mrs. Reabe was slightly injured on August 9, 1946. However, thereafter she proceeded to perform her duties in a satisfactory manner up to and including March 30, 1947. At that time she entered the Marine Hospital at Pittsburgh, Pennsylvania, and remained there to June 23, 1947, on which date she was discharged as fit for duty but with the recommendation of additional physio-therapy treatments. Such a record would ordinarily be decisive of the issue and would not entitle her to further maintenance and cure. Testimony adduced on the part of the respondent, however, shows that when she was examined by Dr. Wagner late in June of 1947 she was still disabled. While there is some conflict in the medical testimony, the weight of the testimony indicates that this libellant from the injuries suffered in the accident developed a functional nervous condition which incapacitated her down to the time of trial. The respondent has argued from the fact that the libellant worked eight months after injury, that the doctors have been unable to find anything objective in their examinations, plus the fact of remarriage on December 24, 1950, that there is nothing of substance to libellant's present complaint. However, her own physicians make a clear showing of present disability arising from the accident and respondent's medical testimony does not clearly set forth, even in the opinions of the doctors who examined on behalf of the respondent, that this libellant has reached the fullest measure of recovery under the circumstances. The testimony has convinced me that further treatment will be of benefit to the libellant. I, therefore, making the following

### Conclusions of Law.

1. This Court has jurisdiction over the cause of action, the parties and the subject matter.

2. Libellant is entitled to judgment for maintenance and cure for the times and in the amounts set forth in the findings of fact.

An appropriate order for judgment may be submitted.