Helen Reabe SOBOSLE, Libellant,

v.

UNITED STATES STEEL COMPANY, Respondent.

No. 230.

United States District Court
W. D. Pennsylvania.

June 5, 1957.

Hymen Schlesinger, Pittsburgh, Pa., for libellant.

Ira R. Hill, of Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for respondent.

GOURLEY, Chief Judge.

This is a suit in admiralty to recover for maintenance and cure. The facts which occasion maintenance and cure for the seaman are not in dispute. The matter was originally heard by the Honorable Thomas J. Clary, specially sitting in the Western District of Pennsylvania, who in an opinion filed in the case of Reabe v. Carnegie-Illinois Steel Corp., D.C., 100 F.Supp. 728, held that the seaman was entitled to maintenance and cure from March 30, 1947 until March 14, 1951. Judge Clary furthermore concluded that the seaman suffered a functional nervous condition which incapacitated her to date of hearing before him and concluded that further treatment would prove of benefit to the seaman.

On July 17, 1952, an additional libel was filed by the seaman for maintenance and cure for the period from March 14, 1951 to the present date. The parties have stipulated that during such period of time that the court finds the seaman entitled to maintenance and cure, it should be awarded on the basis of $4 per day from March 14, 1951 through March 14, 1953, and at the rate of $5 per day from March 14, 1953 to date.

The medical testimony is not in dispute that the condition suffered by the seaman, to wit, a functional nervous condition, has progressively grown worse although a dispute does exist as to whether the accident was the cause of the functional nervous condition.

In view of Judge Clary's adjudication that the functional nervous condition was a proximate result of the accident, I do not believe it proper or within the provisions of law to look behind the adjudication of Judge Clary. It is my conclusion that the functional nervous condition now experienced by the seaman has continued since the date of the adjudication of Judge Clary and has become progressively worse. In addition thereto, I am satisfied that there is treatment known to medical science that might or could benefit or improve the condition and ailment now experienced and suffered by the seaman.

The law is settled that the ship owner is required to furnish medical care and maintenance, including board and lodging, until the disabled person has been cured or the disability has been declared permanent, or until such time when the maximum cure possible has been effected. Farrell v. United States, 336 U.S. 511, 69 S.Ct. 707, 93 L.Ed. 850.

Until such time as the seaman has been afforded such treatment that the medical profession can state that the maximum cure possible has been effected, maintenance and cure must be paid by the ship owner. It is my suggestion that the seaman make immediate arrangements to secure the medical attention and treatment that has been recommended by her attending physician, and it would seem most practical and realistic that the defendant ship owner agree to make provision to underwrite the cost

of this expense. I make this recommendation for the reason that maintenance and cure must continue until every approach reasonably known to medical science is applied in an effort to cure the seaman and if the suggestion is followed, the parties and the court will within a reasonable length of time in the future be able to know the answer to this most unfortunate situation.

### Findings of Fact

1. Libellant is a citizen and resident of Twilight Borough, Washington County, Pennsylvania.

2. Respondent is a corporation organized under the laws of the State of New Jersey with its principal office for the transaction of business in the City of Pittsburgh, Allegheny County, Pennsylvania.

3. On August 9, 1946, the respondent, formerly known as Carnegie-Illinois Steel Corporation, owned and operated the Steamer I. Lamont Hughes, a vessel in navigation on the Monongahela River and libellant was employed by respondent thereon as a chambermaid and was a member of the crew of said vessel.

4. On or about August 9, 1946, in the afternoon of said day, said steamer, I. Lamont Hughes, together with its tow of barges was being locked through Lock No. 4 on the Monongahela River in the vicinity of Monessen, Pennsylvania, and within the jurisdiction of this court.

5. On said date, libellant went to make a telephone call at Lock Number 4 while said vessel was proceeding through said Lock and while returning to the vessel from the Lock, she was struck on the head by a two-inch tow line when she was proceeding along the barge next to the said vessel.

6. Libellant previously filed two actions in this court; one for maintenance and cure at No. 153 in Admiralty and another for damages for respondent's negligence and unseaworthiness of the vessel at No. 7942 Civil Action, 100 F.

Supp. 726, these actions being entitled Reabe v. Carnegie-Illinois Steel Corporation. In the damage action, judgment was rendered in favor of defendant, affirmed on appeal, while in the maintenance case, judgment was entered in favor of libellant on October 30, 1951. Both actions were tried before Honorable Thomas J. Clary, United States District Judge for the Eastern District of Pennsylvania, assigned specially to this court for that term.

7. In the Admiralty action for maintenance, Judge Clary specifically made the following findings which are controlling in the present action and which this court adopts as its own findings as amply supported by the weight of the evidence:

"7. As a result of being struck by said tow line, the libellant sustained injuries causing a functional nervous condition which totally disabled libellant from working from March 30, 1947 until the time of trial, March 14, 1951, and which disability may continue in the future.

"8. Libellant has been and will be in need of medical care to relieve and improve her condition.

"9. Libellant is entitled to maintenance and cure from March 30, 1947 until March 14, 1951, excepting the periods of March 30, 1947 to June 23, 1947 and January 10, 1950 to January 19, 1950 when she was afforded hospitalization." [100 F. Supp. 729.]

8. Libellant has continued to suffer from a functional nervous condition from March 14, 1951 until at least May 21, 1957 when she appeared and testified in this court, and because of such condition, she has been totally disabled from working. Such condition and disability were caused by the injuries she sustained when she was struck by said tow line.

9. The functional nervous condition of libellant has continued from March 14, 1951 until the present time and has gradually and progressively become more

**770**

aggravated and worsened because of the failure and neglect of respondent to afford her "medical care to relieve and improve her condition" which Judge Clary found she needed and which was the respondent's legal obligation.

10. Libellant has continued since March 14, 1951 and still continues to require medical care to relieve and improve her condition and her condition has been, in the past, and will be, in the future, capable of improvement and benefit by medical care.

11. The parties have stipulated the rate of maintenance, if any is found to be due, as follows: $4 per day for the first two years from March 14, 1951 and $5 per day for any maintenance found to be due thereafter. This rate was stipulated in view of libellant's marital status and was to include all items of expense for hospital and medical care and medicines.

12. Libellant has made substantial expenditures herself since October 30, 1951 for medical care and maintenance out of the amount previously awarded her for past maintenance and cure by Judge Clary, but under the stipulation, she is not claiming reimbursement.

13. Libellant is entitled to recover maintenance and cure from respondent as follows:

From March 15, 1951 to March 14, 1953—731 days at the rate of $4 per day, and from March 15, 1953 to May 27, 1957, the date of the judgment in this case, 1,529 days at the rate of $5 per day, making a total amount of $10,569, no part of which has been paid by respondent.

### Conclusions of Law

1. This court has jurisdiction over the cause of action, the parties and the subject matter.

2. Libellant is entitled to judgment for maintenance and cure for the times and in the amounts set forth in the findings of fact.

An appropriate order is entered.